A. L. Jones Co. v. C., M. & St. P. Ry. Co., 213 Ill.·App. 283.

# A. L. Jones Company, Appellee, v. Chicago, Milwaukee & St. Paul Railway Company, Appellant.

## Gen. No. 24,596.

1. PUBLIC UTILITIES, § 7*—*when finding that rate is excessive and fixing lower rate inures to benefit of other shippers.* A finding by the State Railroad and Warehouse Commission, in a proceeding brought by a shipper, that a certain transportation rate is excessive, and fixing a lower rate, is general in operation and inures to the benefit of every other shipper similarly situated without also going before the Commission and having the rate declared illegal.

2. PUBLIC UTILITIES, § 7*—*what is effect of act on right of shipper to recover amount charged in excess of legal rate.* The Public Utilities Act does not preclude a shipper who has been charged an excessive rate from maintaining a common-law action to recover the amount paid in excess of the legal rate.

3. PUBLIC UTILITIES, § 7*—*when presumed commission knew it was fixing maximum rate.* The court will presume that, in fixing a transportation rate between two certain points, the Railroad and Warehouse Commission knew it was fixing the maximum rate that could be charged to an intermediate station, under section 25 of the Railroad and Warehouse Commission Act (J. & A. ¶ 8952).

4. PUBLIC UTILITIES, § 7*—*fixed rate as maximum rate.* A rate for transportation fixed between certain points by the Railroad and Warehouse Commission is the maximum that the carrier may charge between any intermediate points.

5. CARRIERS, § 212*—*what is basis for maintenance of action to recover excess charges.* An action by a shipper for an amount charged by a carrier in excess of the legal rate is maintainable upon the theory that defendant has money which, in right and justice, belongs to plaintiff and which it ought to restore.

6. CARRIERS, § 212*—*what limitation statute applicable to action to recover excess charges.* The 5-Year Limitation Statute (J. & A. ¶ 7210) is applicable to an action by a shipper for recovery of excess paid for transportation.

7. CARRIERS, § 212*—*what limitation statute not applicable to action to recover excess charges.* The 2-Year Limitation provided in section 72 of the Public Utilities Act [Callaghan's 1916 St. Supp. ¶ 8686(87)] does not apply to a common-law action to recover the excess over the legal rate charged by a carrier, the 5-year limitation (J. & A. ¶ 7210) being applicable in such case.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH Z. UHLIR, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed March 10, 1919.

O. W. DYNES and J. N. DAVIS, for appellant; H. H. FIELD, of counsel.

GALLAGHER, KOHLSAAT & RINAKER, for appellee; E. B. WILKINSON, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment of $710.12 against defendant on a trial before the court without a jury. The action was brought to recover the excess between 25 cents and 40 cents per ton for the transportation of manure from Galewood to Morton Grove and from Galewood to Edgebrook in the State of Illinois.

October 25, 1913, the Railroad and Warehouse Commission of Illinois made a finding that the rate of 40 cents per ton for transportation of manure between Galewood and Morton Grove was unreasonable, and entered the following order:

"It is therefore ordered, adjudged and decreed by the Commission that the said rate of 40 cents per net ton * * * between Galewood and Morton Grove be and the same is hereby reduced and fixed at a charge of not to exceed * * * 25 cents per net ton on manure from Galewood to Morton Grove, and the defendant, Chicago, Milwaukee & St. Paul Railway Company, is hereby directed to cease and desist from asking any greater charge than hereinabove specified on movements of * * * manure from Galewood to Morton Grove, the Commission finding that the charge herein made and specified is a reasonable charge therefor."

After the passing of that order defendant still continued to charge the unreasonable rate as above and exacted the same of plaintiff to the amount which it recovered in this suit.

The foregoing order establishing a 25-cent tonnage rate was entered by the Railroad and Warehouse Commission in a case entitled in its name ex rel. Foehlmann Bros. v. defendant and others. Defendant prosecuted an appeal from this order to the Circuit Court of Sangamon county, where it was affirmed. Thereupon it prosecuted a further appeal to the Supreme Court, where the order was again affirmed. [*Chicago, M. & St. P. Ry. Co. v. State Public Utilities Commission of Illinois*] 268 Ill. 49. A final appeal was then taken to the Supreme Court of the United States, where the judgment of our Supreme Court was affirmed in 242 U. S. 333.

Defendant continued, notwithstanding the order and decisions thereon, to charge the unreasonable rate until January 27, 1917, when it issued a supplement to its tariffs, effective March 1, 1917, making a rate in compliance with the order of the Commission.

Defendant urges for reversal that the published rate of defendant controls, notwithstanding the order of the Railroad and Warehouse Commission establishing a 25-cent ton rate, and further, that as the order as to rate was entered in the *"Poehlmann Bros.* case," the rate was fixed for that company and none other; that plaintiff could not maintain its action without obtaining an order from the Public Utilities Commission of the State finding the rates paid unreasonable, and that the court erred in holding that the 5-Year Statute of Limitations applied and in not holding that the 2-Year Statute was invocable.

The order fixing the 25-cent ton rate, having been upheld by the Supreme Court of the United States is not now open to further challenge; but it is contended that this order affects no one but the Poehlmann Bros. Co., and that the rate fixed affected it only. *A. J. Phillips Co. v. Grand Trunk Western Ry. Co.,* 236 U. S. 662, disposes of this question adversely to defendant's contention, and the court answering the proposition that "as the plaintiff was not a party before the Com-

286 APPELLATE COURTS OF ILLINOIS.

A. L. Jones Co. v. C., M. & St. P. Ry. Co., 213 Ill. App. 283.

mission, the defendants insist that it cannot take advantage of the order that the rate was unjust, so as to be able to maintain the present suit," held that the proceeding before the Commission was not in the nature of private litigation between a lumber association and carriers, "but was a matter of public concern in which the whole body of shippers was interested"; that the finding was general in its operation and inured to the benefit of every person that had been obliged to pay the unjust rate. If this were not so, those who intervened during the hearing would have secured an advantage over the general body of the public, which would have created a preference in favor of the parties to the record and would have destroyed the very uniformity which the Commission had been organized to secure; and that the plaintiff and every other shipper similarly situated was entitled, by appropriate proceedings before the Commission or the courts, to obtain the benefit of that general finding and order.

And so we hold here that the rate fixed by the Railroad and Warehouse Commission, *supra,* was available to every shipper coming within its provisions and shipping the same kind of freight over the defendant's line between the points covered by the order.

The contention that before the plaintiff could proceed in an action it must go before the Public Utilities Commission to have the rate charged by defendant declared illegal, is without force. The law does not require a useless thing to be done. *Southern Pac. Co. v. California Adjustment Co.,* 237 Fed. 954.

Section 74 of the Public Utilities Act [Callaghan's 1916 St. Supp. ¶ 8686(89)] provides that "this act shall not have the effect to release or waive any right of action by any * * * person or corporation for any right or penalty which may have arisen or accrued or may hereafter arise or accrue under any law of this State."

We think it is clear that this provision was not in-

tended to take away any right of action which a shipper might have under any existing laws of the State to recover payments made in excess of the legal rate.

Section 74 expressly provides that the act shall not have the effect to release or waive any right of action by the State, Commission, or by any body politic or municipal corporation, for any right or penalty which may have arisen or accrued or that thereafter might arise or accrue under the laws of the State.

We think that under the statute the common-law right was preserved to plaintiff to maintain an action for the amount paid in excess of the legal rate.

Again, it is contended that some of the shipments for which excess rate was sought to be recovered were from Galewood to Edgebrook and that a 25-cent ton rate is not applicable between these two points, as the rate fixed was from Galewood to Morton Grove. However, Edgebrook is concededly a station on defendant's line between Galewood and Morton Grove. In other words, it was a shorter haul than between the points for which the rate was fixed. We must assume that the Commission in fixing the rates between Galewood and Morton Grove knew that it was fixing the maximum rate that could be charged to intermediate stations under section 25 of the Railroad and Warehouse Commission Act (J. & A. ¶ 8952), which provides as follows:

"That it shall be unlawful for any common carrier subject to the provisions of this Act, to charge or receive any greater compensation in the aggregate for the transportation of passengers, or of like kind of property, for a shorter than for a longer distance over the same line or route in the same direction, the shorter being included within the longer distance, or to charge any greater compensation as a through route than the aggregate of the intermediate rates subject to the provisions of this Act; but this shall not be construed as authorizing any common carrier within the terms of this Act to charge or receive as great compensation

288    APPELLATE COURTS OF ILLINOIS.

A. L. Jones Co. v. C., M. & St. P. Ry. Co., 213 Ill. App. 283.

for a shorter as for a longer distance.  *  *  *''

Under this act no higher rate could be charged for hauls to stations between the points named. A greater rate is expressly forbidden by section 25, *supra. Southern Pac. Co. v. California Adjustment Co., supra.*

This action is maintainable upon the theory that defendant has money which in right and justice belongs to plaintiff and which it ought to restore, as it got the money by charging a rate in excess of the lawful rate. Defendant was entitled to the rate fixed and no more, and plaintiff was not in law required to pay more. More having been unlawfully demanded and collected, an action, as in the case at bar, to recover it will lie.

Section 15, ch. 83, Rev. St. (J. & A. ¶ 7210), colloquially known as the 5-Year Limitation Statute, is applicable to the instant action and not the Two-Year Statute, as contended for by defendant. *Chicago, B. & Q. R. Co. v. Jones,* 149 Ill. 361, in which the court said:

"The last amended count  *  *  *  sought to recover damages for the violation of defendant's common-law liability as a carrier for charging more than reasonable rates. To this count the Five-Year Statute of Limitation was applicable."

The 2-Year Limitation provided in section 72 of the Public Utilities Act [J. & A. ¶ 8686(87)] does not apply to this form of action.

There is no error in this record which calls for a reversal of the judgment of the Municipal Court, and it is therefore affirmed.

*Affirmed.*