(No. 12318.—Reversed and remanded.)

THE STATE PUBLIC UTILITIES COMMISSION *ex rel.* The Allis Brick Company, *vs.* THE CHICAGO, MILWAUKEE AND ST. PAUL RAILWAY COMPANY, Appellee.—(THE ALLIS BRICK COMPANY, Appellant.)

*Opinion filed April 15, 1919.*

1. PUBLIC UTILITIES—*findings of the commission on questions of fact are prima facie true.* For the purpose of determining the reasonableness or lawfulness of an order or decision the findings and conclusions of the Public Utilities Commission on questions of fact are *prima facie* true, and a court is not warranted in setting the same aside unless it clearly appears to be against the manifest weight of the evidence presented before the commission or that the commission in its order or decision exceeded its jurisdiction.

2. SAME—*orders of commission are prima facie reasonable—burden of proof on appeal.* The rules, regulations, orders or decisions of the Public Utilities Commission are *prima facie* reasonable, and the burden of proof of the issue raised by an appeal is upon the person prosecuting the appeal, either in the Supreme Court or in the circuit court.

3. SAME—*Public Utilities Commission has no arbitrary power.* The Public Utilities Commission is given no arbitrary power by the statute and the orders of the commission must be lawful and reasonable.

4. SAME—*what is an unjust freight charge.* A carrier cannot fix a minimum weight per car on produce from a certain point and compel the shipper to pay the full freight for a car of such capacity on shipments in smaller cars furnished for the convenience of the carrier, which, under the the rules of the company, cannot be and are not loaded to such fixed minimum weight, and the shipper may recover from the carrier the excess freight so paid.

5. SAME—*when questions are controlled by State laws.* Questions as to the reasonableness of rates charged by carriers are controlled entirely by the laws of Illinois where the shipments in question have their origin and termini in the State of Illinois.

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

M. F. GALLAGHER, and E. B. WILKINSON, for appellant.

O. W. DYNES, for appellee.

EDWARD J. BRUNDAGE, Attorney General, GEORGE T. BUCKINGHAM, W. E. TRAUTMANN, and A. D. RODEN- BERG, for the State Public Utilities Commission.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from the judgment of the circuit court of Sangamon county affirming an order of the Public Utilities Commission of Illinois dismissing a complaint filed by the Allis Brick Company to recover certain alleged excess freight charges made by the Chicago, Milwaukee and St. Paul Railway Company in connection with the transportation of certain car-loads of brick.

The Allis Brick Company manufactures brick at Deerfield, Illinois, a village on the Chicago, Milwaukee and St. Paul railway about twenty-four miles northwest of Chicago. It appears that in the course of its business it ships about 1800 cars of common brick per year from its plant located at Deerfield to team tracks on the lines of the defendant company in Chicago and points in the immediate vicinity thereof. During the two years next preceding the filing of said complaint defendant maintained a rate of one and one-half cents per hundred pounds for the transportation of brick from Deerfield to Addison street, Belmont avenue, Cragin, Division street, Deering, Dunning, Elsmere, Fullerton avenue, Grace street, Grayland, Healy, Mayfair, Robey street and Western avenue, Illinois. During the same period defendant maintained a rate of two cents per hundred pounds for the transportation of brick from Deerfield to Main street, Evanston, Edgewater, Rogers Park and Argyle Park, Illinois, said rates being published in the Chicago, Milwaukee and St. Paul Railway Company's Tariff, G. F. D. No. 6976-C, and supplements thereto. On March 1, 1913, defendant published a rule that on shipments from Deerfield to the stations above named a mini-

mum weight on brick of 60,000 pounds per car applied. The same tariff published a general rule providing a "minimum weight 50,000 pounds, except where for carrier's convenience a car of less capacity is furnished, in which event the marked capacity of the car will be the minimum." Another tariff in force during this time provided that cars loaded for transportation should not carry a load in excess of ten per cent of the marked capacity of the car. Over the objections of the complainant the defendant furnished 550 cars in which it was impossible to load 60,000 pounds of brick on account of the marked capacity of the cars and the tariff in relation to excess. The company charged at the rate specified on a minimum weight of 60,000 pounds, regardless of the amount of weight actually carried. Of these 550 cars, 394 were cars of 40,000 pounds' capacity in which 48,000 pounds were allowed to be placed. The remaining 156 cars complained of were cars of 50,000 pounds' capacity in which 56,000 pounds were allowed to be placed. If more was placed in these cars the defendant would not transport them. The evidence shows that for the years 1913 to 1915, inclusive, the complainant paid the freight on 5,932,000 pounds of brick that were in fact not transported by the defendant; that upon the basis of rates charged, it paid the sum of $926.20 for the transportation of its commodity which was, in fact, not transported.

The Public Utilities Commission found, on a hearing before that body, "that a change in the present rates would affect charges of rates applicable on other commodities and between the other points within the Chicago switching district, which in the opinion of this commission would not be warranted at this time. It was not shown that complainant was directly discriminated against by reason of the fact that the appellee maintained a minimum weight of 50,000 pounds at other points." The commission thereupon dismissed the complaint of appellant. There appears to have been no determination by the commission of the question

raised by the petition of the appellant as to whether the charge made was an unjust or unreasonable charge against the appellant, and therefore void and unlawful as against section 32 of "An act to provide for the regulation of public utilities." (Hurd's Stat. 1917, p. 2280.) The circuit court of Sangamon county affirmed the order of the commission dismissing appellant's complaint.

It is contended on the part of appellant that a charge on the basis of a fixed minimum weight of a car cannot justify the collection of freight charges on a greater weight than that which it is physically possible to load onto the car, and that the minimum charge is contrary to the statute above referred to. It is also contended by the appellant that the rule fixing a minimum weight of 60,000 pounds per car on appellant's commodity shipped from Deerfield, while there is in effect a general tariff of the appellee that such minimum shall be 50,000 pounds, is unlawful, as against the provision of section 32 of the Public Utilities act that no unreasonable differences as to rates, services, facilities, etc., shall exist as between localities. Appellant also contends that the record contains no evidence whatever which may form a basis for the finding of the commission that the granting of the relief sought by appellant would change the rates applicable on other commodities and. between other points within the Chicago switching district. It is contended, on the other hand, by the appellee, that the adoption of a minimum car-load weight of 60,000 pounds, with a rate of one and one-half cents per hundred, is but an expression of a minimum charge of $9 per car, and is within the regulating power lawfully delegated to the commission by the legislature and is not subject to revision by the courts unless the act is unconstitutional or unless the commission exceeds or abuses its lawful authority. It is further contended by the appellee that the rate complained of is not discriminatory; that to reduce the minimum rate of $9 per car would be in conflict with sec-

tion 40 of the Public Utilities act, making it unlawful to charge a lower rate for a long haul than for a short haul when the short haul distance is included within the long haul distance.

There appears to be no dispute as to what the facts of this case are. While the certified record filed in the circuit court of Sangamon county did not show all of the evidence received by the commission, yet such evidence does appear in the record and abstract of evidence heard in the circuit court. It is evident, not only from the findings of the commission but from the undisputed testimony, that appellant paid the sum of $926.20 as freight charges for the transportation of property not, in fact, transported. Section 68 of the Public Utilities act authorizes an appeal from the orders or decisions of the Public Utilities Commission. For the purpose of determining the reasonableness or lawfulness of an order or decision the findings and conclusions of the commission on questions of fact shall be held *prima facie* to be true, and a court is not warranted in setting the same aside unless it clearly appears to be against the manifest weight of the evidence presented before the commission or that the commission in its order or decision exceeded its jurisdiction. It is likewise the rule that the rules, regulations, orders or decisions of the commission shall be held *prima facie* reasonable and the burden of proof of the issue raised by the appeal is upon the person prosecuting the appeal. This applies to appeals to this court as well as to the circuit court. (*Chicago Motor Bus Co.* v. *Chicago Stage Co. ante,* p. 320.) On the other hand, the rule likewise is, as said in *Public Utilities Com.* v. *Toledo, St. Louis and Western Railroad Co.* 267 Ill. 93, that the Public Utilities Commission is given no arbitrary power by the statute and that its orders must be lawful and reasonable. As was said in the case of *Chicago Motor Bus Co.* v. *Chicago Stage Co. supra:* "The statute makes the commission's findings of fact *prima facie* true, and its orders and decisions are

not to be set aside unless clearly against the manifest weight of the evidence. It is not sufficient, to justify a reversal of a reasonable order of the commission made in the lawful exercise of its powers, that a court of review should be of opinion the order was unwise or inexpedient. To reverse and set aside an order on the ground that it is unreasonable it must be an arbitrary action, not resting on a reasonable basis for the exercise of the discretionary powers of the commission. The orders and decisions are subject to review as to the reasonableness of the commission's conclusions, and an unreasonable order is unlawful. Reviewing courts will examine the facts upon which the order is based, and if there is substantial evidence to sustain the order, —not a mere scintilla of proof,—the order will be sustained.—*Inter-State Commerce Com.* v. *Union Pacific Railroad Co.* 222 U. S. 541; *Public Utilities Com.* v. *Chicago and West Towns Railway Co.* 275 Ill. 555; *Public Utilities Com.* v. *Terminal Railroad Ass'n,* 281 id. 181; *Public Utilities Com.* v. *Toledo, St. Louis and Western Railroad Co. supra."*

The principal contention of appellant is, that the rule of appellee that appellant pay freight charges upon freight not transported is an unreasonable and unjust rule. Section 32 of the Public Utilities act provides as follows: "All rates or other charges made, demanded or received by any public utility, or by any two or more public utilities, for any product or commodity furnished or to be furnished or for any service rendered or to be rendered shall be just and reasonable. Every unjust or unreasonable charge made, demanded or received for such product or commodity or service is hereby prohibited and declared unlawful. Every public utility shall furnish, provide and maintain such service, instrumentalities, equipment and facilities as shall promote the safety, health, comfort and convenience of its patrons, employees and the public, and as shall be in all respects adequate, efficient, just and reasonable. All rules

287 — 27

and regulations made by a public utility affecting or pertaining to its charges or service to the public shall be just and reasonable."

The record shows, without dispute, that appellee had in effect a rule fixing a minimum weight per car on produce from Deerfield of 60,000 pounds, and at the same time there was in effect a general rule of appellee concerning similar shipments, as follows: "Minimum weight 50,000 pounds, except where for carrier's convenience a car of less capacity is furnished, in which event the marked capacity of the car will be the minimum." It is apparent that this rule provides that where the carrier, for its own convenience, furnishes a car of less than the minimum capacity of 50,000 pounds, the marked capacity of the car will be taken as the minimum. There appears to be no reason why such provision should not apply to the cars to be furnished under the rule fixing Deerfield shipments at 60,000 pounds minimum. It is the duty of the carrier, under section 38 of the Public Utilities act, to furnish "all persons who may apply therefor and be reasonably entitled thereto, suitable facilities and services without discrimination and without delay." It is admitted in the record that appellant continuously sought cars of at least 60,000 pounds' capacity, and it is evident that in furnishing cars of 40,000 or 50,000 pounds' capacity the carrier did so as a matter of its own convenience, and in applying its own rules of charges should have granted to the appellant the benefit of the minimum weight shown by the marked capacity of the cars furnished. There is no basis in law or logic for the claim that a carrier may by its arbitrary rules and the exercise of its own convenience in the matter of transporting commodities compel a citizen to pay for services not rendered. Simple justice, as well as a reasonable construction of the rules of the appellee, would seem to require that when the appellee furnished cars of a less capacity than the minimum weight for the shipments of the appellant, appellant should have

had the benefit of a minimum weight based on the capacity of the smaller cars in the payment of freight charges.

As the shipments in question have their origin and termini in the State of Illinois, the questions presented are controlled entirely by the laws of this State. While the decisions of the Inter-State Commerce Commission touching inter-State commerce, as approved by the Supreme Court of the United States, are therefore not controlling, yet similar questions arising within that jurisdiction appear to have been decided in a manner consonant with the views herein expressed. While the Public Utilities Commission and the circuit court did not directly decide the issue raised by appellant, the effect of the dismissal of appellant's petition was to deny its claim. Such holding of the commission was an unreasonable exercise of its powers, and the circuit court should have set aside said order and remanded the cause, with directions to the Public Utilities Commission to award the appellant the amount claimed.

As the decree of the circuit court must be reversed and the cause remanded with directions, it becomes no longer material to determine whether or not the finding of the Public Utilities Commission that a change in the present rates would effect a change of rates applicable on other commodities between other points in said district, if, in fact, such finding could, in any event, affect the rights of appellant to recover these excessive charges.

For the errors of the circuit court herein indicated, the judgment of that court is reversed, with directions to remand the cause to the Public Utilities Commission, with directions to said commission to award to complainant the sum of $926.20, with interest at the rate of five per cent per annum from April 8, 1915.

*Reversed and remanded, with directions.*