(No. 14398.—Judgment reversed.)

THE TERMINAL RAILROAD ASSOCIATION OF ST. LOUIS, Appellee, *vs.* THE PUBLIC UTILITIES COMMISSION *et al.*— (THE EAST ST. LOUIS STONE COMPANY, Appellant.)

*Opinion filed October 21, 1922.*

1. PUBLIC UTILITIES—*commission may hear petition for reparation after withdrawal of petition for increase of rates.* Where a railroad company has petitioned the Public Utilities Commission for an advance in tariffs for switching and a shipper by intervening petition asks for reparation for unjust discrimination, the commission has jurisdiction to hear the petition for reparation although the petition for increase in rates is withdrawn.

2. SAME—*when a denial of reparation is not res judicata of a subsequent petition.* A dismissal of a petition for reparation for charges paid between 1913 and 1915 for switching purposes is not *res judicata* of a subsequent petition based upon charges between the years 1915 and 1917, and the fact that the rate charged is that recognized by section 32 of the Public Utilities act does not preclude jurisdiction in the commission to hear and determine complaints of unreasonableness and unjust discrimination.

3. SAME—*decisions of Federal Supreme Court are persuasive in determining unreasonableness of switching charges.* Because of the similarity between the Interstate Commerce act and the Public Utilities act, on the hearing of a petition for reparation for unjust discrimination in switching charges the decisions of the United States Supreme Court are persuasive as to the correct rule to be adopted.

4. SAME—*Public Utilities act supersedes common law liability of a carrier for unjust discrimination.* The Public Utilities act supersedes the common law liability of a carrier so far as rates and unreasonable discrimination are concerned.

5. SAME—*order for an award for reparation is not final and appealable.* An order of the Public Utilities Commission denying an award for reparation for alleged unjust discrimination and dismissing the petition is a final order and reviewable on appeal; but an order making an award is not final and appealable but merely gives the petitioner the right to sue in a court of competent jurisdiction, in which court the award is only *prima facie* evidence of the petitioner's right.

APPEAL from the Circuit Court of Sangamon county; the Hon. E. S. SMITH, Judge, presiding.

TIMOTHY F. MULLEN, and SAMUEL W. BAXTER, for appellant.

T. M. PIERCE, J. L. HOWELL, and KRAMER, KRAMER & CAMPBELL, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The circuit court of Sangamon county reversed an order for reparation entered by the Public Utilities Commission in favor of the appellant and against the appellee, the Terminal Railroad Association of St. Louis.

On June 30, 1917, the Terminal Railroad Association of St. Louis filed its petition with the Illinois Public Utilities Commission for the purpose of having certain local and joint freight rates advanced. As to the transportation of stone from Falling Springs to other points in the East St. Louis switching district, the only change sought by the petitioner was a change in the minimum weight per car. Thereafter the appellant stone company, located at Falling Springs, in this switching district, filed an intervening petition, claiming reparation on account of excessive and unjustly discriminatory charges upon shipments of stone from its quarries at Falling Springs to points within the East St. Louis switching district for the period between September, 1915, and September, 1917. The appellee moved to strike the intervening petition of the appellant from the files on the ground that the subject of intervention was not germane to the subject matter averred in its petition for an advance in tariff rates. This motion was overruled by the commission. Thereupon the appellee withdrew its petition for an increase in rates and no decision was entered thereon by the commission. That body, however, retained jurisdiction of the intervening petition of the appellant. After a hearing on said petition an order was entered by the commission finding petitioner entitled to reparation in the sum of $6809.02, with interest at the legal rate from

the date of payment of such charges, on the ground of discrimination against it. The rate charged appellant had been in effect since July 1, 1913. The commission found that such rate, as compared with rates to other points within said switching district for similar service, was unjust and discriminatory. From this order the appellee appealed to the circuit court of Sangamon county, and in that court contended that the commission was without jurisdiction to entertain the intervening petition and that its order is erroneous under the evidence heard in the case. The circuit court held that the charge that the rate was unreasonable because unjustly discriminatory was conclusively settled in *Public Utilities Com.* v. *Terminal Railroad Ass'n,* 281 Ill. 181, and was not open to further consideration by the commission. The circuit court also held that the appellee was not acting unlawfully in charging and collecting the rates for transportation from Falling Springs.

It is contended by appellant that the commission properly entertained its intervening petition for reparation, and that the withdrawal of the petition for advance in tariffs did not deprive the commission of jurisdiction to hear appellant's petition. With this we are inclined to agree. The hearing before the commission was not under the prescribed rules of pleading, and appellee having withdrawn its petition for increase of rates, no reason is perceived for saying that the commission was not authorized to proceed to hear the petition for reparation. The commission could, and doubtless did, treat it as an original petition.

Appellant urges that it is necessary to have a hearing before the commission and a finding in favor of the petitioner for reparation as a condition precedent to an action at law for the purpose of collecting the reparation; that by the terms of the statute in question the only effect of the order of the commission concerning reparation was to give to appellant the right to sue for such, and in such suit the order is *prima facie* evidence of the facts therein stated;

that the order is evidentiary in character and is not a final and appealable order within the terms of the Public Utilities act, and therefore no appeal lies therefrom.   Appellee contends that the Public Utilities Commission had no authority to pass upon the question of reparation, for the reason that these same parties litigated the question of reparation for charges paid between 1913 and 1915, and this court in *Public Utilities Com.* v. *Terminal Railroad Ass'n, supra,* in affirming the dismissal of the petition by the commission, foreclosed the question against the appellant, and the commission had no authority to, in effect, re-open the same through the means of a subsequent claim filed.   This contention is without merit.   In the case referred to, the commission was passing upon alleged unreasonable charges for the period between 1913 and 1915, while the present case is based upon charges between the years 1915 and 1917. Furthermore, it was specifically held both by the commission and by this court that there was no evidence tending to show that the difference in rate charged against Falling Springs and other places within the switching district was unreasonable and discriminatory, by reason of the character of services rendered in such district.   In the present case there was evidence before the commission showing the character of service necessary in the different parts of the switching district.   The cases are not identical, and the doctrine of *res judicata* would not apply for that reason even though it were otherwise applicable.   Nor does the fact that the rate charged is that recognized by section 32 of the Public Utilities act prevent, as is thought, jurisdiction in the commission to hear and determine complaints of unreasonableness and unjust discrimination.   Sections 32, 38 and 72 of the act provide for such jurisdiction, and this power has been recognized by this court.   *Public Utilities Com.* v. *Chicago and West Towns Railway Co.* 275 Ill. 555.

The question to be determined at the outset in this case is whether or not the order of the Public Utilities Commis-

sion is an appealable order. Section 68 of the Public Utilities' act provides: "Within thirty days after the service of any order or decision of the commission made after a final hearing, * * * any person or corporation affected by such rule, regulation, order or decision may appeal to the circuit court of Sangamon county, for the purpose of having the reasonableness or lawfulness of the rule, regulation, order or decision inquired into and determined." The question arises, is the order of the commission in this case finding that reparation should be awarded, an "order or decision of the commission made after a final hearing?" In other words, is this order a final order? It cannot be gainsaid that if the order of the commission be that reparation be not awarded, such order is conclusive of petitioner's right to recover reparation. Section 72 of the Public Utilities act, by which the commission is authorized to award reparation, provides that if the public utility does not comply with the order awarding reparation, the person for whose benefit such order is made may file in a court of competent jurisdiction a suit for the collection of same, and "on the trial of such suit the order of the commission shall be *prima facie* evidence of the facts therein stated."

Appellant contends that the order awarding reparation in this case was not reviewable, for the reason that the order in a suit to collect reparation is but *prima facie* evidence of the facts therein stated; that it settles nothing and is therefore not a final order and not appealable; that section 72 provides for a reasonable attorney's fee to the petitioner "if the petitioner shall finally prevail" in the lawsuit for reparation. Appellee, on the other hand, urges that the order is an appealable order for the reason that it is an order of the commission; that this court has recognized that such order is an appealable order, in *Public Utilities Com.* v. *Terminal Railroad Ass'n, supra,* and *Public Utilities Com.* v. *Chicago, Milwaukee and St. Paul Railway Co.* 287 Ill. 412; that both those cases were reparation cases,

and in both the appeal from the commission was entertained. While the question appears not to have been raised in either of those cases, there is a substantial difference between an order of the commission making an award and one denying such award and dismissing the petition, as was done in each of the cases referred to. The order of the commission denying an award is undoubtedly a final order. The evident intent and purpose of the legislature in providing a method by which reparation may be recovered and in requiring that an application therefor shall be first made to the commission, precludes an action at law for such reparation until the commission has heard a claim therefor. This is the view taken by the Supreme Court of the United States with reference to similar provisions in the Interstate Commerce act. (*Texas and Pacific Railway Co.* v. *Abilene Cotton Oil Co.* 204 U. S. 426.) The similarity between the Interstate Commerce act and our Public Utilities act makes the decisions of the Supreme Court of the United States persuasive as to the correct rule to be adopted in this State. (*Public Utilities Com.* v. *Terminal Railroad Ass'n, supra.*) Moreover, it cannot be doubted that the Public Utilities act supersedes the common law liability of the carrier so far as rates and unreasonable discrimination are concerned. It will be seen, therefore, that a final order of the commission denying reparation is a final adjudication of the rights of the shipper and should be reviewable on appeal. Awards made by the commission, however, do not stand upon the same footing. The Public Utilities act, as we have seen, specifically provides that such awards, on a suit to collect the same, shall be *prima facie* evidence of the facts stated in the order. This does not preclude in all other respects a *de novo* hearing on the suit to collect an award. Such award does nothing more than provide a right to the complainant to sue for reparation in a court of competent jurisdiction. It is quite evident that the award of the commission is not final.

Section 72 of the Public Utilities act provides that suits to recover awards "shall proceed in all respects like other civil suits for damages, except that on the trial of such suit the order of the commission shall be *prima facie* evidence of the facts therein stated." Section 68 of the act provides with reference to appeals from the orders of the commission: "No new or additional evidence may be introduced in any proceeding upon appeal from a rule, regulation, order or decision of the commission, issued or confirmed after a hearing, but the appeal shall be heard on the record of the commission as certified to by it. The findings and conclusions of the commission on questions of fact shall be held *prima facie* to be true and as found by the commission; and a rule, regulation, order or decision of the commission shall not be set aside unless it clearly appears that the finding of the commission was against the manifest weight of the evidence presented to or before the commission." It is evident from the various sections of the act that in a suit to enforce an award a wider scope is permitted in receiving evidence than in reviewing of orders of the commission on appeal. In the latter no evidence is receivable except that heard before the commission, while in a suit to recover an award other evidence may be heard. That it was not the intention of the legislature to make an order for an award an appealable order will be seen on contemplation of the result of such appeal. Assume in this case that the circuit court had confirmed the award on appeal and on further appeal this court also confirmed it. In so doing this court would pass upon the merits of the case and determine that the evidence before the commission showed that the shipper was entitled to reparation and that reparation should be awarded, and yet on a subsequent suit to collect such reparation the decisions of the circuit court and this court would be of little or no probative force, for the reason that the only thing decided was that the order of the

commission be permitted to stand as *prima facie* evidence in such suit. Though found by this court entitled to the award, the shipper must nevertheless prove his case, and the carrier is free to open the entire record and procure, if it can, a judgment of the court trying the suit for the award. It could not have been the intention of the legislature that courts should do so useless and expensive a thing.

This question has not heretofore been raised in this State. The Supreme Court of Washington in *Tacoma Eastern Railroad Co.* v. *Public Service Com.* 112 Wash. 629, had the question under consideration. Section 91 of the statute of the State of Washington empowering the commission to award reparation is similar to the statute in this State in that respect. Concerning the right of appeal that court said: "That order [awarding reparation] gives to Belcher no right save the right to sue in the courts to recover upon his claim, in which suit the decision and order of the commission 'shall be *prima facie* evidence of the facts therein stated.' To review in the superior court or this court the decision of the commission upon the merits of Belcher's claim would be to attempt to decide the very questions which will be ultimately submitted for decision in the courts when Belcher seeks recovery therein of the award made him by the commission."

We are of the opinion that it was not the intention of the legislature that an order awarding reparation in a case such as this shall be reviewed on appeal. Under this view other questions raised on this record become immaterial.

The judgment of the circuit court in setting aside the award of the commission was erroneous and will be reversed.

*Judgment reversed.*