CORA MAE WEST, for Herself and all those similarly situated, Plaintiff-Appellant, v. THE CITY OF BATAVIA *et al.*, Defendants-Appellees.

Second District   No. 2—86—0098

Opinion filed May 22, 1987.

Mary Robinson, of Robinson & Skelnik, of Elgin, and Thomas Joseph Burke, of Benson, Mair & Gosselin, of Batavia, for appellant.

Ralph S. Beck, of Batavia, and Rebecca A. Erhardt, of Boardman, Suhr, Curry & Field, of Madison, Wisconsin, for appellees.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Cora Mae West, sought to bring a class action against the defendant, the city of Batavia, on behalf of customers of the city's electric utility to recover a $1 million refund which Commonwealth Edison paid to the city in settlement of litigation over wholesale electric rates charged by Edison. Plaintiff appeals from the dismissal of her complaint for failure to state a cause of action, contending that Batavia's utility customers were entitled to recover on the theory that: (1) the defendant had passed unreasonable wholesale costs on to its customers in the form of excessive rates, and (2) that the city exceeded its statutory authority in resolving to apply the settlement proceeds toward expansion of the utility rather than rebate to its electrical customers.

Plaintiff's amended complaint alleged the following: The city of Batavia owns and operates an electric utility which supplies all electric power within the city limits. Plaintiff was at all relevant times a resident of the city of Batavia and, among 5,600 other members of the class, a customer of the electric utility. The city purchased electric power from Commonwealth Edison, which had charged the city a wholesale rate substantially higher than the rate it charged its other customers. Batavia joined the neighboring municipalities of Geneva and St. Charles in litigation against Edison before the Federal Energy Regulatory Commission and in Federal court, alleging that the rates charged by Edison were unreasonable and discriminatory. That litigation culminated in a settlement whereby the parties agreed to a new rate schedule and Edison agreed to make substantial refunds to the municipalities which, in the case of the city of Batavia, totalled over $1 million. The amount of the settlement was based upon the rates which Edison had charged the city of Batavia between February 6, 1982, and July 2, 1984. Plaintiff further alleged that the excessive rates which Edison had charged the city of Batavia were passed on to her and its

other consumers.

Plaintiff further alleged that prior to the settlement, the Batavia city council had approved a bond issue to finance expansion of its electric utility. On October 1, 1984, however, the city council adopted a resolution withdrawing the bond offer and approving the use of the Edison settlement proceeds to finance the expansion. Plaintiff alleged that the city was prohibited by statute from using past utility rate payments to finance future expansion of the utility.

Count I of the amended complaint sought certification of the class. Count II sought reparation and distribution of the settlement proceeds to plaintiff and all members of the class on a *pro rata* basis. Count III sought a declaration that the resolution of the city council to use the settlement proceeds to finance expansion of the utility deprived plaintiff and members of the proposed class of property without due process of law. Count IV sounded in tort, alleging that the city of Batavia breached its duty to consumers by failing to inform them that they had a right to intervene in the legal proceedings between the city and Edison.

Defendant moved to dismiss plaintiff's complaint for failure to state a cause of action upon which relief could be granted on the grounds that plaintiff lacked any property interest in the refund and defendant was empowered to regulate its own rates and to determine the use of the refund. The circuit court dismissed plaintiff's complaint in its entirety on January 3, 1986, and plaintiff appeals only the dismissal of counts II and III.

Plaintiff contends first that count II of her amended complaint properly alleged a cause of action for reparation of unreasonable municipal utility rates.

A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved under the pleadings which would entitle the plaintiff to relief. (*Gregor v. Kleiser* (1982), 111 Ill. App. 3d 333, 335, 443 N.E.2d 1162, *appeal denied* (1983), 93 Ill. 2d 542.) A motion to dismiss admits all well-pleaded factual allegations, but does not admit conclusions of law, the pleader's construction of a statute, or conclusions of fact unsupported by allegations of specific facts. *Village of Niles v. City of Chicago* (1980), 82 Ill. App. 3d 60, 68, 401 N.E.2d 1235, *appeal denied* (1980), 81 Ill. 2d 593.

The Illinois Municipal Code authorizes municipalities to own and operate public utilities. (Ill. Rev. Stat. 1985, ch. 24, par. 11—117—1.) Unlike privately owned utilities, which are subject to the jurisdiction of the Illinois Commerce Commission under the Public Utilities Act (Ill.

Rev. Stat. 1985, ch. 111²/₃, par. 1—101 *et seq.*), municipally owned utilities set and regulate their own rates (Ill. Rev. Stat. 1985, ch. 24, par. 11—117—1). Rates charged by a municipally owned utility must not be unreasonable or discriminatory and are subject to review by the courts. *Conner v. City of Elmhurst* (1963), 28 Ill. 2d 221, 227, 190 N.E.2d 760; *Inland Real Estate Corp. v. Village of Palatine* (1982), 107 Ill. App. 3d 279, 283, 437 N.E.2d 883, *appeal denied* (1982), 91 Ill. 2d 570; *Village of Niles v. City of Chicago* (1980), 82 Ill. App. 3d 60, 68-69, 401 N.E.2d 1235, *appeal denied* (1980), 81 Ill. 2d 593.

We agree with plaintiff that a cause of action for reparations may lie against a municipally owned utility. At common law, there existed a right to recover reparations for unreasonable charges by a utility or common carrier. (*Terminal R.R. Association v. Public Utilities Com.* (1922), 304 Ill. 312, 317, 136 N.E. 797; *Chicago, Burlington & Quincy R.R. Co. v. Jones* (1894), 149 Ill. 361, 374.) This action was based upon the theory that the defendant had funds which in right and justice belonged to the plaintiff and which it ought to restore because it received the funds by charging a rate in excess of the lawful rate. (*A.L. Jones Co. v. Chicago, Milwaukee & St. Paul Ry. Co.* (1919), 213 Ill. App. 283, 288.) Although the common law right to recover reparations from a public utility has been superseded by the Public Utilities Act (*Terminal R.R. Association v. Public Utilities Com.* (1922), 304 Ill. 312, 317, 136 N.E. 797; *Cummings v. Commonwealth Edison Co.* (1965), 64 Ill. App. 2d 320, 323-24, 213 N.E.2d 18, *appeal denied* (1966), 33 Ill. 2d 626), that act was not intended to apply to municipally owned utilities (*Springfield Gas & Electric Co. v. City of Springfield* (1920), 292 Ill. 236, 240, 126 N.E. 739, *aff'd* (1921), 257 U.S. 66, 66 L. Ed. 131, 42 S. Ct. 24). We conclude that a cause of action for reparations may lie against Batavia based upon the operation of its utility.

The central issue presented here, however, is to what extent the prohibition against retroactive utility ratemaking applies to plaintiff's cause of action. In *Mandel Brothers, Inc. v. Chicago Tunnel Terminal Co.* (1954), 2 Ill. 2d 205, 117 N.E.2d 774, our supreme court held that utility rates which had been ordered by a regulatory body such as the Commerce Commission could not be the subject of a cause of action for reparations, even if those rates had been subsequently set aside upon judicial review, because "the action of the commission in approving the new schedule of rates was legislative in character and prospective in its operation." (2 Ill. 2d 205, 210.) The court distinguished utility rates set by public utilities without prior review by a regulatory agency and Commission-ordered rates, concluding that the latter type of rates could not be termed excessive for the purpose of awarding reparations

because the utility was required to charge the Commission-ordered rates. 2 Ill. 2d 205, 212. See also *Independent Voters v. Illinois Commerce Com.* (1985), 139 Ill. App. 3d 957, 962, 487 N.E.2d 963, *appeal allowed* (1986), 111 Ill. 2d 582; *City of Chicago v. Illinois Commerce Com.* (1985), 133 Ill. App. 3d 435, 449, 478 N.E.2d 1369.

Although both parties agree that the distinction set down in *Mandel* would permit plaintiff to bring a cause of action for reparations in the present case, defendant contends that the reasonableness of its utility rates must be determined as of the time the rates were set. Defendant argues that a plaintiff seeking reparations for excessive rates may not rely upon intervening circumstances or subsequently discovered information, such as the fact here that Commonwealth Edison had charged Batavia an excessive wholesale rate, to establish a cause of action.

While this specific issue has not been previously addressed in Illinois, an examination of cases involving review of rates set by the Commerce Commission supports our resolution of this case. These cases demonstrate that the courts are restricted to review of the evidence which was available to the Commission at the time of its decision and do not consider after-acquired evidence or information. (See *Cerro Copper Products v. Illinois Commerce Com.* (1980), 83 Ill. 2d 364, 370, 415 N.E.2d 345; *City of Chicago v. Illinois Commerce Com.* (1985), 133 Ill. App. 3d 435, 439, 478 N.E.2d 1369; *Citizens Utilities Co. v. O'Connor* (1984), 121 Ill. App. 3d 533, 536-37, 459 N.E.2d 682, *appeal denied* (1984), 101 Ill. 2d 545.) This form of restricted review is based upon the commonsense notion that, since utility rates are set prospectively and based upon reasonable projections of future events, review of the rates imposed must also be limited to these facts. The courts have determined that it would be inequitable to require the Commission to predict unforeseeable future events that might reduce the utility's expenses.

■ We consider it to be equally unfair to subject a municipal utility which is not subject to review by a regulatory agency to such a standard and find that the reasoning of the Commerce Commission cases should be applied to the present case. We conclude that review of rates which were unilaterally established by a municipal utility may not take intervening circumstances or after-acquired information into account. Here, the sole basis of plaintiff's allegation that defendant's utility rates were unreasonable is the subsequent finding that Commonwealth Edison had charged the city an excessive wholesale rate for electric power. Since the circuit court should not consider such after-acquired evidence in reviewing the reasonableness of the rates, there were insufficient factual allegations to support count II of plaintiff's amended

complaint.

■ Count II of the complaint was also properly dismissed because it failed to take into account the fact that the circuit court lacked jurisdiction to adjudicate plaintiff's claim to the $1 million fund Batavia recovered from Commonwealth Edison for excessive wholesale charges for electric power. It is true that consumers may be entitled to share in a fund realized from a reduction of rates as between a supplying entity and distributing company (see, *e.g.*, Annot., 18 A.L.R.2d 1343 (1951)); however, it is the responsibility of the court which distributes the refund to look for the rightful claimants (*Federal Power Com. v. Interstate Natural Gas Co.* (1949), 336 U.S. 577, 582-83, 93 L. Ed. 895, 901-02, 69 S. Ct. 775, 778-79), and another court may not adjudicate claims to a fund over which it lacks jurisdiction (*Cummings v. Commonwealth Edison Co.* (1965), 64 Ill. App. 2d 320, 328, 213 N.E.2d 18, *appeal denied* (1966), 33 Ill. 2d 626).

In the present case, plaintiff was not a party to the proceedings and litigation which culminated in the settlement with Commonwealth Edison, but in its complaint asserts a right to the proceeds of the settlement and seeks distribution of the funds by the circuit court to defendant's customers. However, as the circuit court had neither custody nor control of the fund, it lacked jurisdiction to adjudicate plaintiff's claim.

Plaintiff also contends that count III of her amended complaint stated a cause of action by alleging that plaintiff had a property right in the fund and that the ordinance authorizing expenditure of the settlement was a deprivation of her property without due process. Plaintiff argues that Batavia held the fund in constructive trust for its customers and that the city exceeded its statutory authority in resolving to apply the settlement proceeds toward expansion of the utility.

However, as we have already noted, the circuit court had not created the fund and therefore lacked jurisdiction to adjudicate its distribution. (*Cummings v. Commonwealth Edison Co.* (1965), 64 Ill. App. 2d 320, 328, 213 N.E.2d 18, *appeal denied* (1966), 33 Ill. 2d 626.) Moreover, plaintiff fails to provide relevant support for her conclusion that defendant held the fund in constructive trust for its past utility customers. We conclude that the trial court did not err in dismissing count III of the amended complaint for failure to state a cause of action.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

LINDBERG, P.J., and INGLIS, J., concur.