CITY of AUBURN *vs.* ETHER S. PAUL.

Androscoggin.    Opinion February 2, 1892.

*Constitutional Law.   Taxes.   Sewers.   Notice.   Acceptance of Acts.   Constitution, Arts. I, § 22 ; IX, § § 7, 9.   Stat. 1889, c. 285.*

The Act of 1889, c. 285, relating to drains and sewers, is not in violation of Art. IX, of the Constitution, which requires taxes upon property to be "assessed equally, according to the just value thereof."

A land owner may be required to contribute towards the cost of a public work, a sum equal to the increased value of his property by reason of peculiar and special benefits thereby given, in addition to those bestowed upon him in common with the general public.

A tax may be recovered of a land owner when duly assessed on his land, under Stat. of 1889, c. 285, according to the benefit accruing to him from the construction of a public sewer; and ten days' notice, under that statute, of the hearing on an assessment for such benefit, is reasonable and sufficient to a resident owner, who appeared after being served with personal notice,

when the act being obscure does not provide how long before the hearing such notice is to be given.

Over-valuation cannot be set up as a defense to the tax. The statute remedy in such cases is exclusive.

Where an act is not to take effect until it has been accepted by the city council at a meeting legally called therefor, *Held:* That it may be accepted at a regular adjourned meeting duly held after a regular session of the city council; *also*, that no previous notice of the business to be acted on is necessary to render its acceptance valid.

ON REPORT.

This was an action of debt, in which the plaintiff sought to recover the amount of an assessment for benefit to the defendant's property on Western Promenade, in the city of Auburn, resulting from the construction of a public sewer in said street, in the year 1889. The assessment was levied by the municipal officers of the city of Auburn under and by the virtue of the provisions of c. 285 of the public laws of 1889.

The defendant resists payment on the ground that the statute under which the municipal officers acted in making the assessment, is unconstitutional; that said statute was never legally accepted by the city council of the city of Auburn; that the defendant had no legal and sufficient notice of the hearing before the municipal officers upon the subject matter of the assessment as provided in said statute; and that certain items of expense were erroneously included in the computation of the cost of said sewer.

*J. W. Mitchell*, city solicitor, for plaintiff.

*Newell and Judkins*, for defendant.

The act of 1889 is unconstitutional by reason of the plain phraseology of its provisions. It expressly authorizes and directs the municipal officers to assess a tax "upon the lots and parcels of land" benefited, and establishes a lien upon the same for the collection thereof, said tax not being assessed upon the real estate benefited according to the just value of the several parcels. *McBean* v. *Chandler*, 9 Heisk. 349; *Chicago* v. *Larned*, 34 Ill. 203; *Peay* v. *Little Rock*, 32 Ark. 31.

To the second and third points counsel cited: 2 Dill. Mun. Corp. § § 763, 769, 803, 804, 811; *Lowell* v. *Wentworth*, 6;

Cush. 221; *Merritt* v. *Port Chester*, 71 N. Y. 309; *Henry* v. *Chester*, 15 Vt. 460; *Torrey* v. *Millbury*, 21 Pick. 65; *Booth-bay* v. *Race*, 68 Maine, 351; *Stebbins* v. *Kay*, 123 N. Y. 31; *In re Eager*, 46 N. Y. 100; *Sharp* v. *Speir*, 4 Hill, 76; *Thatcher* v. *Powell*, 6 Wheat. 119; *Doughty* v. *Hope*, 3 Denio, 249; *Adams* v. *R. R.* 10 N. Y. 328.

The act in question could be adopted only at a special meeting, and called in no other way than provided in § 8 of the city charter. Every person assessed is entitled to thirty days' notice of the hearing. But it is admitted that the assessment was filed in the office of the city clerk on the seventh day of November, 1889; that the hearing was appointed on the twenty-sixth day of November, 1889; but that the defendant was not served with a copy of the assessment until November 16, 1889, so that he had not exceeding ten days' notice of the hearing held before the municipal officers, under the provisions of § 1.

The law makes the "return made upon a copy of such notice by any constable in said town, on the production of the paper containing such notice," "conclusive evidence that said notice has been given." The report contains the return of the constable, which shows that the parties assessed had not exceeding ten days' notice.

If the legislature has required notice and provided how it shall be given, that mode must be pursued. *Grace* v. *Newton Board of Health*, 135 Mass. 490 and cases cited; *Baltimore* v. *Johnson*, 62 Md. 225; *Bean* v. *Patterson*, 47 N. J. L. 15; *Lowell* v. *Wentworth*, 6 Cush. 221; Dill. Mun. Corp. § 804.

The defendant insists that it is the net cost of the sewer only that must be the basis of assessment. The assessment can not exceed "one half the cost."

The sum assessed was seven hundred and fifteen dollars. The total cost of the sewer, therefore, must be one thousand four hundred and thirty dollars, or the assessment would be illegal and void. While it is alleged that this cost was one thousand eight hundred and sixty-six dollars and fifty-five cents, no items are given showing the fact, and it is admitted that from three hundred dollars to three hundred and seventy-five dollars

worth of stone taken from the sewer trench, was used by the
city in building a highway. Defendant is entitled to have
these items produced. They were within the exclusive posses-
sion of the plaintiff. Their omission is injustice. The defend-
ant should not be compelled, under the guise of local assess-
ments, to contribute to the cost of the construction of a public
highway. In the payment of his municipal tax, he makes all
the contribution he can by law be compelled to make for this
object.

HASKELL, J. This is an action at law, authorized by § 6, of
c. 285 of acts of 1889, to recover the amount of a tax laid by
the city of Auburn, as provided in said act, as a benefit to a
certain parcel of the defendant's real estate, accruing from the
construction of a public sewer.

I. It is objected that the act of 1889 is void because in vio-
lation of Art. IX, § 8, of the constitution, viz.: "All taxes
upon real and personal estate, assessed by authority of this
State, shall be apportioned and assessed equally, according to
the just value thereof."

The constitution does not declare how the public revenue
shall be raised; but it does say that: "While the public
expenses shall be assessed upon polls and estates, a general val-
uation shall be taken, at least, once in ten years." Art. IX,
§ 7. It also provides: "No tax or duty shall be imposed with-
out the consent of the people or of their representatives in leg-
islature." Art. I, § 22. "The legislature shall never, in any
manner, suspend or surrender the power of taxation." Art. IX,
§ 9. So that, all taxes, state, county and municipal, must be
levied by the legislature directly, or under general statutes;
and such taxes upon property must be assessed "equally, accord-
ing to the just value thereof."

Some objects of taxation, however, that are of public utility,
also operate to bestow some peculiar and special benefit upon
particular interests; and, so far as this benefit is special and
beyond and apart from that enjoyed by the community in gen-
eral, and by the recipient as a member thereof, it is not a pub-

lic work or purpose that must be provided for from the public revenues or taxes, that the constitution declares shall be assessed on property "equally, according to the just value thereof;" but it may be charged to or assessed upon interests, according to the benefits bestowed. The purpose of the constitutional provision is to equalize public burdens and not to assume those of individuals.

By the act of 1889, the legislature determined that, at least, one half of the cost of a public drain or sewer shall be borne by the public. To that extent the utility is declared to be public; and if the cost is to be met by taxation on property, the taxes must be assessed "equally and according to the just value thereof." The constitution nowhere provides that the legislature shall not require private interests, receiving a peculiar special advantage from a public work, to contribute in a commensurate degree. And whatever is not prohibited by the constitution, that is just, reasonable and suitable for government to do, the legislature may establish by law. *State* v. *Western Union Telegraph Co.* 73 Maine, 518–526.

The legal traditions, customs, and general system of laws that pertain to Massachusetts are largely our own. From the earliest colonial period, that State has levied taxes upon specific interests or localities according to the benefits bestowed to meet the cost of public works. Instances and authorities are cited in *Dorgan* v. *Boston*, 12 Allen, 223. The doctrine of that case has become the settled law of Massachusetts, and applies to the construction of drains and sewers and other public improvements of a local character. *Butler* v. *Worcester*, 112 Mass. 541–555; *Holt* v. *Somerville*, 127 Mass. 408–412. And when the statute merely imposes a tax for benefits, like the act now considered, involving no question arising under the exercise of eminent domain, no appeal to a jury need be provided for. *Howe* v. *Cambridge*, 114 Mass. 388; *Chapin* v. *Worcester*, 124 Mass. 464.

The act of 1889 requires the municipal officers, when they have completed a public drain or sewer, to estimate and assess upon lots of land benefited by it such sum, not exceeding such benefit, as they deem just and equitable, the whole of such

assessment not to exceed one half of the cost of the drain or sewer. It is neither unjust nor inequitable, to require that a land-owner shall contribute towards the cost of a public work a sum equal to the increased value of his property by reason of peculiar and special benefits thereby given, in addition to those bestowed upon him in common with the general public. A work that is of public utility should, so far, be paid for from public funds; but it may also afford some private advantage in which the public have no concern, and assessments or taxes, to that extent, are not unjust; neither are they levied without authority of law, inasmuch as the legislature is supreme, and, in authorizing such levy or tax, does not violate any provision of the constitution. No more is taken from the taxpayer than has already been bestowed upon him. He is made to suffer no pecuniary loss. As a citizen, he should submit to such just regulations and requirements as are deemed conducive to the public health, welfare and happiness. Assessments of the nature of those imposed in this case are discussed and approved in *Dyar* v. *Farmington Village Corporation*, 70 Maine, 515.

II. It is contended that the act of 1889, was not accepted by the city council, "at a meeting legally called therefor." The act does not require its acceptance to be voted at a meeting "specially called therefor," as the defendant supposes. Special meetings of the city council of Auburn may be called by the mayor, "when, in his opinion, the interest of the city requires it." The act applies to both towns and cities, hence the phraseology applicable to both. It must be accepted at a town meeting legally warned to act on the subject. It can be accepted at no other. It may be accepted by a town or a city council at a legal meeting of either. The former must be warned for the purpose, the latter need not be. One must be called for special purposes, the other may transact any business that comes before it in the usual course. So we think this act may be accepted by a city council at a legal meeting, without previous notice of the business to be acted upon. All the members are supposed to be present and are not entitled to previous notice of the pending business.

The city council of Auburn met for organization, as they were required by law to do, and adjourned to the 25th of March, when it ordered regular meetings to be held on the second Monday evening of each month, and also that a meeting be held on the evening of the 8th of April, to act upon the acceptance of the act now in question. The meeting was then held and the act accepted. This meeting was substantially an adjourned meeting of the 25th for special business, and it is of little consequence whether it be so described in the record or as a regular stated meeting, since both were co-incident and held at the same time and place, and the business done may be noted in the same record. The acceptance of the act was voted at a legal meeting and that is all the act requires.

III. The assessment being regularly made, it is objected that the defendant did not have thirty days notice of the time and place of hearing thereon. He had ten days notice. That, in cases of this sort, is more effectual than a longer time. The meeting is less likely to be forgotten, while the notice is ample for all practical purposes. Unless the statute prescribes a longer notice, ten days notice must be held sufficient.

The act provides that, within ten days after the location of the sewer shall be filed, each person, so assessed, shall be notified of the same and of a time and place of hearing thereon, by notice in hand or at his usual place of abode in town; if he has no such abode, then in the hand or at the abode of his tenant or lessee; if he has neither, then by posting, at least, thirty days before the hearing, or such notice may be given by three successive publications in a newspaper in town, the first publication to be at least thirty days before the day of hearing.

In this case, all the persons assessed being residents, the hearing was appointed less than thirty days from the time the assessment was filed, and service was made upon each one. The act provides for the contingency of not being able to obtain personal service upon all the persons assessed by substituting therefor notice by publication or posting thirty days before the day of hearing; but it does not require personal service or its specified equivalent to be thirty days before the hearing. Upon

that subject it is silent, and reasonable notice is required and was given.

IV. The assessment appears to have been regular; and whether it was too large is not open to the defense here. An appeal is provided in the act and should have been sought, for the review of such questions. It is settled law that the only remedy for over-valuation is the procedure given by statute. Over-assessment in this case, like over-valuation in other cases, cannot be interposed in the defense of a suit for a tax. *Rockland* v. *Rockland Water Co.* 82 Maine, 188.

*Defendant defaulted.*

PETERS, C. J., WALTON, VIRGIN and FOSTER, JJ., concurred.

EMERY, J., concurred in the result.