S. E. Simmons, St. Petersburg, Fla., Kendrick E. Fenderson, St. Petersburg, Fla., for appellant.

**FLORIDA POWER CORPORATION v. PINELLAS UTILITY BOARD et al.**

**No. 12243.**

United States Court of Appeals Fifth Circuit.

April 18, 1950.

Carroll R. Runyon, St. Petersburg, Fla., W. Furman Betts, Jr., St. Petersburg, Fla., for appellees.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

PER CURIAM.

Alleging that it is a public utility corporation engaged in selling electricity in Pinellas County and elsewhere, appellant brought this suit for: a declaratory judgment as to the validity of the act creating, and as to the power of, the appellee, Pinellas Utility Board; an injunction *pendente lite;* and

a permanent injunction at the end of the suit.

The injunction *pendente lite* sought to restrain defendants: from compelling plaintiff to make the annual reports; from invoking the penalties and criminal prosecutions; and from expending any County funds, required and contemplated by the Act.

The claim was: (1) that the act creating the Board was invalid under the Constitution and laws of Florida; (2) that it was discriminatory in its nature and terms, and could not be enforced against plaintiff without a violation of the Fifth and Fourteenth Amendments; and (3) that it was in conflict with the Interstate Commerce clause, art. 1, § 8, cl. 3, and the Federal Power Act, 16 U.S.C.6A. § 791a et seq.

The prayer for the temporary injunction was based upon the claim that to comply with appellees' request for an annual report would entail great expense upon it, and that, the board being illegal and its operations invalid, appellant ought not to be required to make these expenditures.

A further ground for it was that the defendant could not, within the time allowed, prepare and present the report, and the act imposed such drastic penalties as to affright and prevent persons from contesting its illegal effects unless its operations could be restrained.

At the hearing on the application for the temporary injunction, the district judge, through a colloquy with counsel for the defense, developed that the board had not threatened, and was not threatening, to enforce the drastic penal provisions of the act, and that it was prepared to grant any reasonable request for further time needed to file the report.

To this appellant's counsel replied that they could not request further time because to do this would be a recognition of the board's power and of the validity and construction of the Act.

The district judge thereupon stated: "The Court is going to dismiss the suit. I am going to rule, as I did last night, that there is no substantial federal question involved, and with the showing here that the board will grant reasonable time to file the report, I see no substantial federal question. It is purely a question of an attack made on the statute as violating the terms and provisions of the State Constitution. It is one that the State Court will eventually have to pass on. Under the allegations of the bill of complaint, the exhibits filed, and the statements of counsel here, I find that there is no real, or unreasonable, or unlawful discrimination against the company, or denial of equal rights or protection."

Thereafter, for the reasons stated in the order,[1] the court dismissed the amended

1. "This cause came on to be heard on the 15th and 16th days of December, 1947, upon Plaintiff's application for an injunction pendente lite pending final determination of this action restraining Defendants from any attempt, judicially or otherwise, to coerce the annual reports required by Section 8 of Chapter 24,815, Laws of Florida, 1947, which is an act creating the Pinellas Utility Board, regulating the sale and service of electricity within Pinellas County, Florida; restraining the Defendants from invoking in any way the penalties of criminal prosecution afforded by the Act; restraining the Defendants from expending any County funds under the "supposed" authority of said act.

"The Court has considered the allegations of the Amended Complaint and Amendment thereto, arguments and statements of Counsel, the exhibits and affidavits filed by the Defendants, the stipulation of defense counsel, that he had been authorized to bind the Pinellas Utility Board and that said Board would grant unto the Plaintiff, upon proper application being made to it, a reasonable extension of time for filing of the annual report referred to in Section 8 of said Act; the further stipulation of defense Counsel and that the Board would not exact or attempt to have invoked any penalties, criminal or otherwise, for any past acts or omissions of the Plaintiff in contravention of the provisions of said Act up to and including the 16th day of December, 1947.

"From the foregoing it appears to the Court that the two gas plants contended by Plaintiff to be in competition with it and not under the jurisdiction of said Board are municipally owned gas plants, owned and operated by the City of St. Petersburg and City of Clearwater, respectively, and having examined and

complaint as amended, and plaintiff has appealed.

Here, both appellant and appellees have filed lengthy briefs with elaborate arguments and the citation of many authorities. Both have argued vigorously in support of their respective positions. Appellees have in addition, by a paper styled "Suggestion of new matter", called to our attention matters of which we take judicial knowledge.[2]

The correctness of the action of the district judge in dismissing the bill for the reasons that he gave is so clearly apparent in itself and so in accord with the uniform current of authority, that for us to vie with appellant and appellees in discussion or citation would be to unnecessarily labor an argument in demonstration of the obvious. It is sufficient for us to say, as we do, that for the reasons the district judge gave and upon the authority of the many cases which fully support his action, a few of which are cited below,[3] the judgment appealed from is

Affirmed.

considered the provision of said Chapter 24,815, Laws of Florida, 1947, it also appears to the Court that the contention of Counsel for the Plaintiff that said Act in not including gas plants renders said Act void in that the said omission is arbitrary, unwarranted and an unlawful discrimination against the Plaintiff and therefore denies Plaintiff equal protection of the laws under the Federal Constitution, is untenable.

"It is apparent that the investigation being made by the Pinellas Utility Board is of a preliminary nature and that no order of the Pinellas Utility Board has been entered fixing plaintiff corporation's rates, or that any such order is contemplated. Also it is revealed that the preliminary investigation of plaintiff's books and property was proceeding in an orderly fashion by said Board with the full cooperation of said plaintiff corporation until the filing of the complaint in this cause.

"From the foregoing it further appears that this Court should not entertain jurisdiction of this cause as there is no substantial federal question presented nor irreparable injury appearing such as is cognizable by a Court of Equity in granting injunctive relief, and this is particularly true in view of the fact that the statute in question has not been passed upon, construed or interpreted by the Courts of Florida, although the legislation is alleged to offend the Constitution of the State of Florida in many particulars.

"It Is Therefore Ordered, Adjudged and Decreed that the application for temporary injunction be denied and the Amended Complaint, as Amended, be dismissed.

"Done and Ordered in Tampa, Florida, this the 20th day of December, A. D. 1947."

2. (1) That since the lodging of this appeal, the Supreme Court of Florida has, in Florida Power Co. v. Pinellas Utility Board, 40 So.2d 350 and Id., 40 So.2d at page 844, held valid the law under attack here; and

(2) That the Florida Legislature has amended Sec. 8 of the law requiring the filing of annual reports to enlarge the time required from Jan. 1st of each year to ninety days from the close of utilities fiscal year. Sp.Acts 1949, c. 26152.

3. Springfield Gas & Electric Co. v. City of Springfield, 257 U.S. 66, 42 S.Ct. 24, 66 L.Ed. 131; Ex parte Joseph Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152; Watson v. Buck, 313 U.S. 387, 61 S.Ct. 962, 85 L.Ed. 1416; Petroleum Exploration v. Public Service, Commission of Kentucky, 304 U.S. 209, 58 S.Ct. 834, 82 L.Ed. 1294; Sun Oil v. Burford, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424; Natural Gas Pipeline Co. of America, v. Slattery, 302 U.S. 300, 58 S.Ct. 199, 82 L.Ed. 876; Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322; American Fed. of Labor v. Watson, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873; Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 60 S.Ct. 517, 84 L.Ed. 774.