**SOUTHERN CALIFORNIA EDISON COMPANY, a corporation,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 22492.

United States Court of Appeals
Ninth Circuit.

April 30, 1969.

As Modified on Denial of Rehearing
June 12, 1969.

Certiorari Denied Dec. 8, 1969.

See 90 S.Ct. 427.

Rollin E. Woodbury (argued), Richard T. Drukker, Hugh B. Rotchford, and Chase, Rotchford, Drukker & Bogust, Los Angeles, Cal., for appellant.

Jacques B. Gelin, Washington, D. C. (argued), Clyde O. Martz, Asst. Atty. Gen., Raymond N. Zagone, Atty., Dept. of Justice, Washington, D. C., Wm. Matthew Byrne, Jr., U. S. Atty., Thomas H. Coleman, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, MERRILL and CARTER, Circuit Judges.

MERRILL, Circuit Judge:

The United States brought this action to recover from appellant expenses incurred by the Forest Service in extinguishing a forest fire originating from appellant's right of way located in the San Bernardino National Forest. It was stipulated that the fire in question was electric in source, that it emanated from appellant's transmission lines within the National Forest but that it was not the result of appellant's negligence. This appeal is taken from summary judgment rendered in favor of the United States.

The Government claim was based on the provisions of the special use permit issued to appellant October 8, 1962, which granted a fifteen-foot right of way within the National Forest to maintain and operate an electrical transmission line. Condition 8 of the permit imposes on the permittee liability for damage resulting from the permittee's use. In the printed form of permit condition 8 requires the permittee to use due diligence and obligates it to pay the United States for any damage resulting from negligence. In appellant's permit this paragraph was stricken and a typewritten provision was inserted in its place, reading: "The permittees shall pay the United States for any damage resulting from this use."

Appellant contends that this language is ambiguous and should be strictly construed against the United States, and that as so construed it should not be read as imposing liability without fault.

We do not find the language ambiguous, particularly when read against that for which it was substituted. As we read it, it clearly and unambiguously imposes liability under the stipulated facts of this case.

It is conceded that the established Government practice in issuing special use permits for power transmission rights of way is to use the printed form of condition 8 in dealing with publicly owned power companies but to use the typewritten substitution in dealing with privately owned companies such as appellant. Appellant contends that this practice unjustifiably discriminates against privately owned power companies in violation of the due process clause of the Fifth Amendment. We cannot agree.

The Government points out that the United States is not subject to the equal protection clause of the Fourteenth Amendment and argues that the limits of discrimination permitted by the due process clause are wider in scope than those of the equal protection clause. We need not deal with this point of distinction. Even under the equal protection clause the separate classification of privately and publicly owned utilities has long been held justifiable.

In Springfield Gas & Electric Co. v. City of Springfield, 257 U.S. 66, 71, 42 S.Ct. 24, 25, 66 L.Ed. 131 (1921), where municipal corporations were, by Illinois law, excepted from the rate requirements of the State Public Utilities Act, it was held that the equal protection clause was not offended, the Court stating:

"It is unnecessary to refer to the numerous cases upon classification by state laws in order to show that the distinction in question here is very far from being so arbitrary that we can pronounce it bad." [1]

Appellant complains that it was, by the summary action of the District Court, precluded from digging deeper into the nature of the discrimination here involved. At the time of the hearing on motion for summary judgment no showing was made by appellant as to what exploration of the subject might produce beyond establishing the existence of a discriminatory practice. This fact we here accept as conceded. Appellant thus failed to show a genuine issue for trial. Rule 56(e), Fed.R.Civ.P.

Judgment affirmed.

### ORDER

PER CURIAM:

The panel as constituted in the above case has voted to deny the petition for rehearing and to reject the suggestion for a rehearing in banc but to modify

---

1. The Court had earlier noted, 257 U.S. at page 70, 42 S.Ct. at page 25:

   "The private corporation, whatever its public duties, is organized for private ends and may be presumed to intend to make whatever profit the business will allow. The municipal corporation is allowed to go into the business only on the theory that thereby the public welfare will be subserved. So far as gain is an object it is a gain to a public body and must be used for public ends. Those who manage the work cannot lawfully make private profit their aim, as the plaintiff's directors not only may but must."

the last paragraph of the opinion to read as follows:

"Appellant complains that it was, by the summary action of the District Court, precluded from digging deeper into the nature of the discrimination here involved. At the time of the hearing on motion for summary judgment no showing was made by appellant as to what exploration of the subject might produce beyond establishing the existence of a discriminatory practice. This fact we here accept as conceded. Appellant has thus failed to show a genuine issue for trial. Rule 56(e), Fed.R.Civ.P.

Judgment affirmed."

The full court has been advised of the suggestion for an in banc rehearing and of the proposal of the panel and no judge of the court has requested a vote on the suggestion for rehearing in banc. Fed. R.App.P. 35(b).

The petition for a rehearing is denied. The suggestion for a rehearing in banc is rejected. It is ordered that the last paragraph of the opinion be modified to read as above set forth.