**OPINION OF THE JUSTICES OF THE SUPREME JUDICIAL COURT given under the Provisions of Section 3 of Article VI of the Constitution.**

Supreme Judicial Court of Maine.

Questions Propounded to the House in an Order Dated May 16, 1989.

Answered June 13, 1989.

## HOUSE ORDER PROPOUNDING QUESTIONS

House Order Propounding Questions to the Justices of the Supreme Judicial Court

WHEREAS, it appears to the House of Representatives of the 114th Legislature that the following are important questions of law and that this is a solemn occasion; and

WHEREAS, the Constitution of Maine, Article VI, Section 3, provides for the Justices of the Supreme Judicial Court to render their opinion on these questions; and

WHEREAS, there is now before the 114th Legislature, for its consideration, House Paper 271, Legislative Document 383, "An Act to Clarify Maintenance of Private Roads and Ways by Municipalities" and the constitutionality of the Act has been questioned; and

WHEREAS, it has long been recognized that municipalities have an obligation to protect the health and safety of their residents, and as municipalities have taxing powers to generate the funds for such activities; and

WHEREAS, it has also been long recognized that municipalities have authority to create special service districts to provide specific public services to segments of the municipality's population and the exact scope of the municipal power to raise taxes or assess fees in relation to specific services is now unclear; and

WHEREAS, it has generally been an accepted principle that municipalities could not expend general tax revenues for private benefit and as it is also not uncommon for municipalities in Maine to maintain and plow private roads and this practice has arisen because of the concern of municipal residents to ensure access over these roads for police, fire and other emergency vehicles and for the safety and welfare of

those residents or visitors also traveling these roads; and

WHEREAS, it appears that several municipalities have made such expenditures for many years, while other municipalities have refrained from doing so because of doubts as to municipal authority; now, therefore, be it

Ordered, that in accordance with the provisions of the Constitution of Maine, the House of Representatives respectfully requests the Justices of the Supreme Judicial Court to give their opinions on the following questions of law:

Question No. 1: Do the provisions of this bill allowing the use of municipal tax revenues for the purposes set out therein violate the "public purpose" limitation of the Constitution of Maine, Article IV, Part Third, Section 1?

Question No. 2: Do the provisions of this bill, allowing a municipality by vote of its legislative body to assess the users of a right-of-way for the maintenance of that way, violate any provision of the United States Constitution or the Constitution of Maine?

Question No. 3: Do the restrictions in the definition of a "privately owned road" contained in the bill violate any provision of the United States Constitution or the Constitution of Maine?

EXHIBIT A

STATE OF MAINE

———

IN THE YEAR OF OUR LORD
NINETEEN HUNDRED AND
EIGHTY–NINE

———

H.P. 271—L.D. 383

An Act to Clarify Maintenance of
Private Roads and Ways by
Municipalities

Be it enacted by the People of the State of Maine as follows:

23 MRSA § 3106 is enacted to read:

§ 3106. Maintenance of privately owned roads

1. Purpose: findings. This section is intended to explicitly recognize and limit a municipality's home rule authority to repair, maintain, sand, salt or remove snow from privately owned roads within the municipality. The Legislature finds that expenditures for this activity are made in furtherance of a public purpose in that it protects the health and safety of the members of the public who reside along the privately owned road by ensuring adequate access and egress for police, fire and other emergency vehicles, as well as other vehicles traveling to and from those residences.

2. Privately owned road defined. For the purposes of this section, "privately owned road" means a road, the fee of which is owned by a private person or persons, which serves as the primary means of access and egress to 2 or more private year-round residences and over which the public has no legal right of travel.

3. Authorization. Under its home rule authority, a municipality may, by vote of its legislative body, authorize the repair, maintenance, sanding, salting or removal of snow from privately owned roads within the municipality, if the requirements of subsection 4 are met, for the purpose of protecting the health and safety of those who reside along or must travel on the privately owned road.

4. Requirements. A municipality may repair, maintain, sand, salt or remove snow from a privately owned road under this section only if:

A. The road is not obstructed, marked or identified in any manner that discourages public travel, such as gates, bars or other physical barriers and signs reading "private road," "no trespassing," "residents only" or similar phrases which have the effect of discouraging public travel;

B. The road was constructed before the effective date of this section; and

C. The municipality has enacted an ordinance or adopted a regulation that re-

quires all roads constructed within the municipality after the effective date of this section to be built to certain standards.

5. Raising money. A municipality may raise money for the repair, maintenance, sanding, salting or removal of snow from privately owned roads in the manner provided in section 3551 or may assess, on a proportional basis, the amount necessary to perform these services against those persons who possess a right-of-way to use the privately owned road in the same manner provided for the apportionment of damages and benefits regarding public ways under chapter 311, subchapter II.

6. Expenditures. Any funds available to the municipality, including surplus revenue and money raised under subsection 5, may be used to pay the total expenses of repairing, maintaining, sanding, salting or removing snow from a privately owned road or may be used to supplement money raised by those persons who possess a right-of-way to use the privately owned road and provided to the municipality for the purpose of paying for any services provided under this section.

7. Liability. The Maine Tort Claims Act, Title 14, chapter 741, applies to a municipality and any officer, official or employee of a municipality which performs repairs, maintenance, sanding, salting or snow removal under this section.

8. No duty. This section shall not be construed to establish any duty upon a municipality to repair, maintain, sand, salt or remove snow from any privately owned road. Whether to perform maintenance and the level of maintenance to be provided is solely a decision of the municipality, except as provided for in any contract between the municipality and any private party.

9. No interest acquired. A municipality's repairing, maintaining, sanding, salting or removing of snow from a privately owned road under this section does not result in the acquisition, by prescription or otherwise, of any interest in the privately owned road or the services provided by the municipality under this section by any person, including the municipality, the general public or the persons possessing a right-of-way over the privately owned road. Section 3656 does not apply to any repairs performed by a municipality under this section.

---

In House of Representatives, ....................................... 1989

Read twice and passed to be enacted.

................................................................ Speaker

---

In Senate, ...................................................... 1989

Read twice and passed to be enacted.

................................................................ President

---

Approved ........................................................ 1989

................................................................ Governor

---

## ANSWERS OF THE JUSTICES

To the Honorable House of Representatives of the State of Maine:

In compliance with the provisions of section 3 of article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following responses to the questions propounded on May 16, 1989.

QUESTION NO. 1: Do the provisions of this bill allowing the use of municipal tax revenues for the purposes set out therein violate the "public purpose" limitation of the Constitution of Maine, Article IV, Part Third, Section 1?

■ We answer Question No. 1 in the affirmative. The legislative power under Article IV, Part Third, Section 1, of the Maine Constitution includes the power to tax, but only to the extent that the tax revenues are spent for public purposes. *See Common Cause v. State*, 455 A.2d 1, 8 (Me.1983). The maintenance at taxpayer expense of privately owned roads as defined in L.D. 383 would be an unconstitutional appropriation of public funds for the benefit of the private property owners.

The public's access to "privately owned roads" as defined by L.D. 383 is both uncertain and potentially transitory. By the definition in the proposed section 3106(2), "the public has no legal right of travel" over any privately owned road on which the bill would authorize the expenditure of public funds. Any possible consent by the private owners to the public's use of the road at most would arise only by inference from the absence, at the time of expenditure, of any barrier or sign "hav[ing] the effect of discouraging public travel." But even that questionable implicit consent could disappear at the whim of owners who subsequently put up a "no trespassing" sign or similar barrier. Any indirect public benefits derived from the proposed public expenditures upon private roads from which the public is or may be barred are outweighed by the public detriment. *See Common Cause v. State*, 455 A.2d at 25. We have no occasion to comment on the validity of a general statute addressing the maintenance of access to private property for the use of emergency vehicles.

QUESTION NO. 2: Do the provisions of this bill, allowing a municipality by vote of its legislative body to assess the users of a right-of-way for the maintenance of that way, violate any provision of the United States Constitution or the Constitution of Maine?

■ We construe the term "users of a right-of-way" in Question No. 2 to be the equivalent of "those persons who possess a right-of-way to use the privately owned road" who under L.D. 383 could be assessed to pay municipal costs of maintaining that road. We answer Question No. 2 in the affirmative for essentially the same reasons as Question No. 1. For the special assessment that would be authorized by L.D. 383 to be valid, it must involve both a public purpose and a special benefit to the persons to be assessed over and above that accruing to the public. *See City of Auburn v. Paul*, 84 Me. 212, 215, 24 A. 817, 818 (1892); *Montgomery County v. Schultze*, 302 Md. 481, 489, 489 A.2d 16, 20 (1985). As we state in our answer to Question No. 1, maintenance of privately owned roads as contemplated in L.D. 383 does not meet the public purpose test.

Because of the absence of a public purpose, an involuntary assessment under L.D. 383 to pay for maintenance costs on a privately owned road would be invalid. L.D. 383 would authorize a municipality to require the owners of a privately owned road, over which the public has neither taken nor been given any public rights, to pay the municipal costs of maintaining their private road. The owners would be required to bear those costs even though some or all of them did not wish the road maintained by the municipality at all, or did not wish it maintained in the way elected by the municipality. The assessment system that would be authorized by L.D. 383 is not the voluntary contractual arrangement upheld by the New Hampshire Supreme Court in *Clapp v. Town of Jaffrey*, 97 N.H. 456, 91 A.2d 464 (1952), by which the private owners of the road contracted for municipal services. Imposing the pro-

posed assessment on those owners whose private road the municipality maintained against their will would violate the Due Process Clauses of both Constitutions. Me. Const. art. I, § 6–A; U.S. Const. amend. XIV.

QUESTION NO. 3: Do the restrictions in the definition of a "privately owned road" contained in the bill violate any provision of the United States Constitution or the Constitution of Maine?

■ We construe Question No. 3 to address the constitutionality under the Equal Protection Clauses of the Maine and the United States Constitutions of the definitional limitation of "privately owned roads" to those that "serve as the primary means of access and egress to 2 or more private year-round residences." We conclude that if L.D. 383 were otherwise constitutional, that limitation would not contravene the constitutional requirements of equal protection of the laws. Under either the Fourteenth Amendment or section 6–A of the Maine Declaration of Rights, exercises of the police power that do not infringe on fundamental rights or implicate a suspect classification are subject to only a rational basis scrutiny. *See Town of Kittery v. Campbell*, 455 A.2d 30, 34 (Me.1983). If the municipal expenditures under L.D. 383 passed constitutional muster as being for a public purpose, it would not violate the Equal Protection Clause of either Constitution to limit those expenditures to private roads that at the minimum serve more than one year-round home.

VINCENT L. McKUSICK
Chief Justice
DAVID G. ROBERTS
DANIEL E. WATHEN
CAROLINE D. GLASSMAN
ROBERT W. CLIFFORD
D. BROCK HORNBY
SAMUEL W. COLLINS, Jr.
Associate Justices