(No. 23146.—

THE CITY OF ELMHURST, Appellant, *vs.* THE WESTERN
UNITED GAS AND ELECTRIC COMPANY *et al.* Appellees.

*Opinion filed April 17, 1936.*

FREDERICK C. HARBOUR, (CARLTON L. FISCHER, of
counsel,) for appellant.

OTTO KERNER, Attorney General, and B. P. ALSCHULER,
(IRVIN ROOKS, ROBERT H. FARRELL, and EUGENE L. COHN,
of counsel,) for appellees.

Mr. Justice Herrick delivered the opinion of the court:

The city of Elmhurst, appellant here, filed its complaint with the Illinois Commerce Commission against the Western United Gas and Electric Company. On October 15, 1931, the commission made an order authorizing the company to put into effect a schedule of rates to be charged for gas service in what is called the northern territory in which the company operates. The rates had general application through the northern district except as to Batavia, Geneva, St. Charles, Wheaton and Elmhurst. In those five cities the company was permitted to add to its uniform charges for gas service furnished its patrons in such cities, a percentage differential sufficient to meet the annual payments which the company is required to pay each of the five municipalities, respectively, by virtue of the respective franchise ordinances under which the company operates in such cities. The franchise ordinance in Elmhurst requires an annual payment by the company to the city of three per cent of the gross receipts of the business done within its boundaries. The commission, after a hearing, dismissed the present complaint. The circuit court of DuPage county affirmed the order of the commission, and the city brings the case here on appeal.

Appellant urges that the rate charged is contrary to the provisions of paragraphs 47, 52 and 53 of the Public Utilities act (Ill. State Bar Stat. 1935, chap. 111a, sec. 32, p. 2494, secs. 37 and 38, p. 2496,) and that the commission's order establishes unreasonable differences between localities and classes of service. Too much space would be required to quote *in extenso* the paragraphs above specified. So far as applicable here paragraph 47 (sec. 32) provides that "Every unjust or unreasonable charge made, demanded or received for such product or commodity or service is hereby prohibited and declared unlawful. * * * All rules and regulations made by a public utility affecting or pertaining to its charges or service to the public shall

be just and reasonable." Paragraph 52 (sec. 37) prohibits a public utility from charging for its service, commodity or product any sum other than that set forth in its schedule of rates filed with the commission and prohibits rebates. Paragraph 53 (sec. 38) provides no public utility shall establish or maintain any unreasonable differences as to rates, etc., either as between localities or as between classes of service and customers, and forbids discrimination. It further empowers the commission, in order to expedite the determination of rate problems, to consider one or more municipalities as a regional unit, either with or without the adjacent or intervening rural territory, where the same public utility serves such region under substantially similar conditions, and the commission may, in such region, prescribe uniform rates for customers of the same class.

The discrimination forbidden by paragraph 53 (sec. 38) is as to rates between customers of the same class in the territory. Customers residing in subdivisions of the same territory served by the public utility where an annual percentage of its gross receipts is exacted from the public utility, are not in the same class as those patrons who live in a municipality where such percentage is not exacted.

No question is raised as to the fairness or uniformity of the basic rate in the territory served. The controversy centers around the three per cent added to the basic rate in appellant city which, in turn, exacts from the public utility the same percentage computed on the basis of its gross receipts. In this respect appellant, with the other four cities named, differed from the other municipalities in the northern division.

It is argued that annual franchise payments should not be charged against the patrons of the appellant, and that the practical effect is to give those who are non-users of gas the benefit of the franchise rate paid by gas users. Such is the effect. It is seldom that the imposition of a

tax or franchise charge does not work a hardship on some individuals. The human race has not yet reached that degree of perfection whereby taxing systems have been evolved which in their practical operation do not, on occasion, work some degree of injustice to some individuals.

Appellant contends that the payment of the annual franchise charge is nevertheless a capital investment which should be spread over the whole northern territory, and that because a lump sum was not paid for the franchise at the time it was granted, but the franchise is paid for on a percentage basis, that fact does not justify the charging of such tariff to operating expenses rather than capital investment. While appellant cites various public utilities reports in support of its position, it refers us to no court decisions determining such principle. Public utility reports are not considered as authority in this court on an issue involving the review of an order of the commission. *State Public Utilities Com.* v. *Terminal Railroad Ass'n,* 281 Ill. 181, 187.

Franchise payments are properly chargeable as an element of the cost of operation which should be borne by the consumers of the utility's product or service, (*Consolidated Gas Co.* v. *Newton,* 267 Fed. 231; *Chicago Railways Co.* v. *Illinois Commerce Com.* 277 id. 970;) and the amortization of the franchise expenses should be charged as an operating expense. (*Streator Aqueduct Co.* v. *Smith,* 295 Fed. 385, 391.) It would be unjust to spread the burden of this annual franchise payment over the whole northern division. It should be borne by the company's consumers residing within the city as that city alone receives the advantage of such annual payment. So, also, it is immaterial in what form the *pro rata* share of the consumers' payment of the annual payment be made to the city. There is no statute in this State prescribing the method of allocating such item and it may properly be written on the consumer's statement as three per cent.

It is also urged that the charge is made only against "residential and house heating classification consumers;" that "commercial," "industrial" and other classification users are exempted; that thereby "residential and house heating classification consumers" pay the additional burden to cover the annual cost of the franchise privileges and there is therefore a denial of due process. *Holden* v. *Hardy,* 169 U. S. 366, 42 L. ed. 780, and *Sheldon* v. *Hoyne,* 261 Ill. 222, are cited as sustaining appellant's position on this phase of the case. We are in harmony with the general rule laid down in those cases but they are not pertinent to the facts shown by the record here. There is no confiscation of property within the meaning of the due process provision of the constitution.

There was no proof made before the commission that there were any users in the city other than "residential and house heating classification consumers." The point now urged as a denial of due process was not placed in issue before the commission and cannot be raised for the first time in this court. *Petersen Baking Co.* v. *Bryan,* 290 U. S. 570, 78 L. ed. 505, 510; *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* v. *Risty,* 276 id. 567, 72 L. ed. 703, 709; *Red "C" Oil Co.* v. *Board of Agriculture of North Carolina,* 222 id. 380, 56 L. ed. 240, 246.

There is no interference with the contract created by the original franchise and acceptance thereof by the predecessor of the gas company, and the order of the commission in nowise contravencs the constitutional inhibition against the impairment of contracts.

The order of the Commerce Commission does not, as applied to the customers of the public utility within the appellant city, create an unreasonable difference between localities and classes of service.

The judgment of the circuit court of DuPage county is affirmed.

*Judgment affirmed.*