HARRY B. LUERS, *et ux.*, CREDIT ALLIANCE CORPORATION and GUSSIE B. IVEY, v. T. M. KUYKENDALL.

185 So. 448.

Opinion Filed December 27, 1938.

*Paul C. Albritton,* for Appellants;
*Chas. M. Williams,* for Appellee.

BUFORD, J.—The appeal is from an order denying motion to dismiss the amended bill of complaint, the purpose of which bill of complaint is to foreclose certain improvement lien certificates issued by the City of Sarasota and

which had been assigned by the City Tax Collector to one Charles M. Williams and which had been assigned by Williams to the complainant Kuykendall. Harry B. Luers and his wife, Mrs. Harry B. Luers, were made parties defendant as record owners.

The assignments relied upon are as follows:

"Principal amount of certificate _____$1070.10
One-third reduction on principal—Sec.
    82 JV 7-10-31-31 _____ 356.70

Balance of Principal _____       $713.40

"State of Florida
"County of Sarasota
"City of Sarasota

"For and in consideration of the sum of $1257.41 in Bonds and or coupons, I hereby transfer and assign, without recourse on City of Sarasota, the within certificate to
      "(Signed) CHARLES M. WILLIAMS

"Witness my hand and official seal this 26th day of Jan., 1938.
      "J. E. Richards, City Tax Collector
      "By (Signed) J. E. RICHARDS
               "As Deputy Clerk

"For a valuable consideration, I hereby transfer and assign the within improvement Certificate No. 6866 to T. M. Kuykendall. This 29th day of January, 1938.
      "(Signed) Charles M. Williams."

"Principal amount of certificate _____$472.82
One-third reduction on principal acct. Sec.
    82 JV. 7-10-31-31 _____ 157.60

Balance of Principal _____       $315.22

"State of Florida

"County of Sarasota

"City of Sarasota

"For and in consideration of the sum of $552.15 in Bonds and/or coupons, I hereby transfer and assign, without recourse on City of Sarasota, the within certificate to

"(Signed) CHARLES M. WILLIAMS

"Witness my hand and official seal this 2t6h day of Jan., 1938                "J. E. Richards, City Tax Collector

"By (Signed) J. E. RICHARDS,

"As Deputy Clerk.

"For a valuable consideration, I hereby transfer and assign the within Improvement Certificate No. 7354 to T. M. Kuydendall this 29th day of January, 1938.

"(Signed) CHARLES M. WILLIAMS."

It is obvious that the assignee Kuykendall took the certificates with notice of infirmities, if any, in the assignment from the Tax Collector to Williams and that he acquired no greater right than Williams acquired under such assignment.

Section 65 of Chapter 13403, Special Acts of 1927, provides, in part, as follows:

"The certificate when issued shall be sold or disposed of by the Council in payment for said work or improvement, or for case, in the discretion of the Council."

The bill of complaint shows upon its face, with the certificates and assignments thereof thereto attached, that the certificates were not sold for cash but were exchanged for "bonds and/or coupons."

The complainant relied upon and pleaded Ordinance No. 502, which is as follows:

"Section 1. Improvement certificates issued by the City of Sarasota or the Town of Sarasota Heights shall be trans-

ferable by endorsement by the City Tax Collector at any time before the same are paid, upon the surrender or delivery to the City Tax Collector of bonds of City of Sarasota or Town of Sarasota Heights, or interest thereon, or par value equivalent to the principal amount of such improvement certificates, together with all interest accrued thereon and penalties thereto attached.

"Section 2. In the redemption of lands from the liens of improvement certificates assigned by the City tax collector as provided in Section 1 hereof the tax collector shall use the same procedure as is prescribed by law for the redemption of lands sold for the non-payment of State and County taxes, so far as such procedure is applicable.

"Section 3. Any holder by assignment from the City tax collector of any improvement certificate may immediately file a bill in chancery to foreclose the lien of such improvement certificate and the practice, pleading and procedure for the foreclosure shall be in accordance with the practice, pleading and procedure for the foreclosure of mortgages on real estate. If the property shall be redeemed from the lien of any such improvement certificate before the suit is concluded the party redeeming shall pay the amount of all improvement certificates included in such suit together with interest, penalties and costs, including clerk's and sheriff's costs, cost of publication of notices and a reasonable attorney's fee.

"Section 4. Before any person, firm or corporation other than the City of Sarasota shall file suit to foreclose any improvement lien as herein provided he, she or it shall pay all other improvement assessments against said property which are unpaid at the time of the filing of the bill of complaint in such suit; all improvement assessments paid by the plaintiff shall be set out in the bill of complaint and recovery thereof shall be provided for in the final decree, together with costs.

"Section 5. The bill of complaint unless in a suit brought by the City of Sarasota shall be sworn to and shall briefly set forth the fact that the improvement assessment, the lien of which is sought to be foreclosed, was levied and assessed against said property; that said improvement certificate has been assigned to plaintiff and that plaintiff has paid all other improvement assessments levied and assessed by the City of Sarasota or the Town of Sarasota Heights against said property and remaining unpaid at the time of the filing of the bill of complaint. Every bill of complaint shall have attached thereto such improvement certificate or a copy thereof, and a certificate of the City tax collector that plaintiff has paid all other improvement assessments due City of Sarasota as herein provided.

"Section 6. In suits brought on improvement certificates as provided by this ordinance, as many improvement certificates on lands in the City of Sarasota may be included in one suit as the plaintiff may desire and as many parties may be made defendants as may be necessary. All parties claiming or having any interest in any land or parcel of land encumbered by such improvement assessments by virtue of ownership, lien or otherwise, may be made defendants in such suits and personal service and process and constructive service by publication shall be made and given in accordance with law applicable to the foreclosure of mortgages upon real estate.

"Section 7. Improvement certificates shall be admissible in evidence and shall be *prima facie* valid.

"Section 8. The plaintiff in any such suit shall be entitled to recover a reasonable attorney's fee not to exceed $25.00 and 10% of the amount found to be due the complainant, such fee to be determined by the Court. In determining the fee, the Court may consider the use which the plaintiff has made of the privilege of including in one suit more than one improvement certificate and if the court

be·of the opinion that there has been unnecessary separation of causes of action on the same or different parcels of land which might have been joined in one suit the Court shall not allow any attorney's fee greater than would have been allowed if the causes of action had been combined.

·"Section 9. The final decree in any such foreclosure suit shall determine the amount due on account of the improvement certificate and on account of any other improvement assessment paid by plaintiff, including reasonable attorney's fee and costs as herein provided, and the property shall be ordered sold to satisfy the decree in the same manner as in the foreclosure of mortgages on real estate.

·"Section 10. If any section, paragraph, sentence or other part of this ordinance shall be declared invalid for any reason whatsoever, such invalidity shall not affect the remainder hereof but the remaining part of this ordinance shall be and remain in full force and effect as if such invalid portion or portions had not been incorporated herein.

·"Section 11. This ordinance is intended as a cumulative and additional remedy to remedies now existing, for the enforcement and collection of improvement assessments due City of Sarasota.

"Section 12. This ordinance shall take effect as of December 1, 1937.

"PASSED by the City Council of the City of Sarasota in regular session this 5th day of November, A. D. 1937.
"E. A. SMITH,
"President, City Council, City of Sarasota."

It will be seen that Section 1 of the Ordinance is contrary to the provisions of Section 65 of the Charter Act.

·Paragraph· (b) of Section 4, of Chapter 15474, Acts of 1931, amending Section 82.(a) of Ordinance 432 passed by the City Council of Sarasota on November 22, 1930, and

ratified by the electors on December 9, 1930,. provides as follows:

"Bonds, at their face value of the City of Sarasota and/or the Town of Sarasota Heights with all unmatured coupons thereto attached, and/or matured interest coupons of any such bonds shall hereafter be accepted at par by the City of Sarasota for any and all of the following specified uses or purposes, provided, however, that all penalties, costs and attorney's fees shall be paid in cash; first, in payment of any improvement lien, including interest thereon, levied or assessed by the City of Sarasota, and/or the Town of Sarasota Heights, prior to the year 1931, whether such improvement lien is matured or unmatured, in whole or in part;".

: This statutory provision contemplated the acceptance of bonds and matured or unmatured coupons in payment of improvement liens and did not contemplate the assignment of improvement liens for such bonds or coupons. In other words, as we construe the statutory provisions in this regard, the right to exchange bonds and coupons for improvement liens was limited to those whose duty it was to pay the improvement liens and was not intended to provide a method for those who were not burdened with the duty of paying and discharging the liens to speculate in such improvement liens by exchanging bonds which could be bought at a discount for liens foreclosable for their face value.

The legislative Act guaranteed to the owner of the lands against which the certificates were issued, or one who was obligated to pay off and discharge the improvement certificates, the exclusive right to pay off and discharge the same with bonds or coupons, or bonds and coupons, of the City at par value.

It is too well settled to require any citing of authorities that a city ordinance cannot be effective to amend or

change a legislative enactment. See State v. Homestead, 100 Fla. 354, 130 Sou. 28; State v. Johnson, 92 Fla. 187, 109 Sou. 228.

The legislative municipal charter is to the municipality to all intents and purposes what the State Constitution is to the State. The legislative authority of the municipality must be found within the legislative charter and when the legislative charter provides that the municipality must pursue a certain course in regard to matters attempted to be provided for by the charter the municipal legislative authority may not proceed otherwise. The legislative charter of the City of Sarasota provided that certificates such as those here under consideration when issued shall be sold or disposed by the City Council in payment for the work or improvement for which they were issued, or for cash, in the discretion of the City Council. The City government and all others are bound by that provision of the law and, therefore, an attempt to transfer improvement certificates for bonds and coupons, or either, was *ultra vires* in violation of the statute and was void.

The motion to dismiss the bill of complaint should have been granted. The assignee of the certificates has the remedy of having returned to him in kind the bonds or coupons exchanged for the certificates.

For the reasons stated, the order appealed from is reversed and the cause remanded with directions that the bill of complaint be dismissed.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN, and CHAPMAN, J. J., concur.