PER CURIAM.
This interlocutory appeal is from a partial summary judgment which held that as a matter of law the appellant-defendant, Peoples Gas System, Inc., had no authority to collect from the plaintiffs a franchise fee levied by the City of North Miami, Florida. The appellees are customers of the appellant and reside in North Miami. The appellees brought suit in the circuit court individually and on behalf of other persons similarly situated, seeking to have the court declare illegal appellant’s collection of a five percent franchise fee or tax imposed upon appellant by the City of North Miami from appellant’s customers in the City of North Miami. The appellant and the appellees agree that the cause was in a proper posture for the entry of a summary judgment because there were no genuine issues of material fact. Appellant urges that the court’s holdings upon the undisputed facts were improper and that these holdings do not constitute a legal basis for the judgment for the appellees. *372 The court made the following conclusions from the facts before it.
“1. Ordinance 698 of the City of North Miami, Florida, does not impose a franchise tax assessment, or fee upon the Plaintiffs or other gas consumers or customers within the City of North Miami, Florida, and as a matter of fact contains language expressly indicating the contrary.
“2. The Florida Railroad and Public Utilities Commission, now the Florida Public Service Commission, Order No. 2774, provides for franchise taxes to be shown as a surcharge and the customer should be advised of the gas to him and the taxes he is required to pay.
“3. Ordinance 698 of the City of North Miami, Florida, granted a franchise to the Defendant on the 10th day of September 1968, with a proviso that existing rates charged to customers would not be raised, except after public hearing before the Florida Public Service Commission.
“4. A franchise fee was and is imposed on Defendant equal to five percent of the gross receipts for gas service rendered users of the Defendant utility within the corporate limits of the City of North Miami, Florida.
“5. The five percent of the gross receipts for gas service has been collected by the Defendant from Plaintiffs, and other gas consumers and customers within the city limits of the City of North Miami, Florida.
“6. That Plaintiff has now shown the franchise fee or tax upon the billings to customers as a surcharge; however, this fact is not determinative of the issues of this cause, since in any event, Ordinance 698 does not impose a tax upon the Plaintiffs or other gas customers.
“7. The Florida Public Service Commission has no authority to assess a franchise tax directly or indirectly, on the Plaintiffs, or other persons constituting a class.
“8. That Ordinance 698 is not an excise tax upon the Plaintiffs and other gas consumers or customers constituting a class; WHEREFORE, it is, * * *.”
Based upon these conclusions, the court held that the Peoples Gas System, Inc. had no authority to collect the franchise fee from its customers within the corporate limits of the City of North Miami and entered an injunction restraining the gas company from further collecting the fee. The court reserved jurisdiction for further proceedings to determine the damages due the plaintiffs and others in the class. It directed the gas company to render an accounting of the money collected since September 10, 1968, for such franchise fee.
The appellant asserts its authority to collect the municipal franchise fee from its customers in the City of North Miami by virtue of an order of the Florida Public Service Commission entered on June 3, 1959. Shortly prior to that date the appellant had initiated proceedings before the Commission “to establish rate schedules for the distribution and sale of natural gas to its various customers in the territory of the said utility.” The Public Service Commission by its order #2774 denied appellant’s petition to increase system-wide its charges in order to recover the municipal franchise fee as a cost of its service. The Commission gave as the grounds for its rejection of the system-wide increase the following reasons:
“Municipal franchise taxes are not uniform throughout the utility’s service area and should not be considered as an operating expense to be uniformly charged to all customers of the utility. They should be shown separately as a surcharge and applied only to those customers whose municipality enforces the tax. Insofar as possible and practicable the customer should be advised of the cost of gas to him and the amount of taxes he is required to pay.”
*373 On this appeal appellant argues that after proceeding in the manner directed by the Public Service Commission it ought not now be held by the Courts to have illegally collected the municipal franchise fee from its customers within the municipality imposing the tax. We think that this position is well-taken.
The effect of the trial court’s summary judgment is to hold that the municipal franchise tax cannot be “passed on” by a public utility to its customers. There are only two ways in which the funds necessary to pay a municipal franchise fee or tax may be collected by a public utility. One is that the amount of the tax may be spread throughout the system as a part of the general rate charged. The other is by collecting the fee as an additional charge against the customers of the utility within the municipality assessing the tax. These are the only alternatives because all costs of a public utility must be borne by its customers. A public utility has no source of income other than its charges to the public and its profit is fixed at a given percentage by the rate making authority.
It has generally been held by the courts which have considered the question that the proper method of collecting a municipal excise tax or fee is by increased charges to the utility’s customers within the municipality levying the fee or tax. See Village of Maywood v. Illinois Commerce Commission, 23 Ill.2d 447, 178 N.E.2d 345 (1961); City of Elmhurst v. Western United Gas & Electric Co., 363 Ill. 144, 1 N.E.2d 489 (1936); State ex rel. City of West Plains v. Public Service Commission, 310 S.W.2d 925 (Mo.1958); State ex rel. City of Seattle v. Department of Public Utilities, 33 Wash. 2d 896, 207 P.2d 712 (1949).
The order of the Public Service Commission which refused to give appellant permission to use the method of a system-wide rate increase to collect the fee or tax necessarily left the appellant with no other alternative than that of passing the tax on to its customers within the municipality.
Some reliance is placed by the appellees upon the fact that when appellant received a denial by the Public Service Commission of its petition to increase the rate system-wide and an expression that the proper method of collection was the one subsequently employed that the utility should then have filed a new application for a rate increase within the municipality. It is urged that the ordinance imposing the franchise fee required such a procedure and that the municipality should have been given notice as was required by the ordinance. We think that this argument cannot aid the appellees in this instance because the Public Service Commission had already made a full determination when it denied the rate increase system-wide. For the utility to make a new application for permission to do what it had already been directed to do would have been a useless act by the utility. City of Miami Beach v. Breit Bay, Inc., Fla.App.1966, 190 So.2d 354. The trial court in its findings noted that the Peoples Gas System, Inc. had not shown the franchise fee as a surcharge upon the billings to customers. The gas company included the increase to offset the franchise fee within an item on its bill labeled “Taxes.” The trial court specifically held, “this fact is not determinative of the issues of this cause.”
The court’s basic holding is, “that ordinance #698 is not an excise tax upon the plaintiffs. * * * ” The trial court found this conclusion to be the determinative fact. This reasoning overlooks the fundamental problem that the cost of a utility may not be increased by a fee or tax in such a manner that it must be paid from the fixed profits of a public utility. If a municipality could effect such a result it could by assessing higher and higher franchise fees destroy the entire regulatory system for the public utilities. A complete regulatory system for public utilities has been provided by the legislature of this state. See Fla.Stats. Chap. 366. Since a municipal ordinance may not contravene the provisions of a state statute it follows *374 that an ordinance may not indirectly accomplish this result. Luers v. Kuykendall, 135 Fla. 644, 185 So. 448 (1938); F.S. § 366.04, F.S.A.
We hold that the trial court improperly determined that the appellees were entitled to a summary judgment as a matter of law and that under the law applicable to this case the appellant is entitled to a summary judgment upon the issue of liability. This cause is remanded with directions to enter such a judgment dismissing plaintiffs’ case.
Reversed.