QUESTION: To what extent does state law preempt the supervisory control to be asserted in the public's interest by the Palm Beach County building official in connection with the construction of educational facilities?
SUMMARY: Under ss. 235.211(5) and 235.26(2), F.S., as amended by Ch. 74-374, Laws of Florida, the district school board has the responsibility for enforcing compliance with the uniform building code for public educational facilities, which uniform code supersedes any other building code, whether local, county, or state, for the construction of educational facilities. In enforcing compliance with the uniform code, the local district school board may utilize local building department inspectors who have been properly certified by the office of educational facilities construction. You state that the Palm Beach County Building Code applies in terms to all public buildings in the county, specifically including public schools, and vests the supervision and regulation of construction in Palm Beach County in the county's "building official." It has been uniformly ruled by this office that, in the absence of express legislative authority, public school buildings are not required to comply with municipal or county building codes or other local regulation. Attorney General Opinions 065-81; 071-233. You do not state whether the provisions of the Palm Beach County Building Code referred to above are supported by special legislative authority. However, any special legislation in this respect (except as to safety and sanitation inspections) would now appear to be irrelevant in light of the provisions of the Educational Facilities Construction Act, Ch. 74-374, Laws of Florida. This statute added a new subsection (5) to s. 235.211, F.S., specifically exempting the construction of educational facilities by a school board from "all state, county, district, municipal, or local building codes and ordinances" and declaring that "[e]ach school board shall provide for periodic inspection of the proposed educational plant during each phase of construction to determine compliance with the uniform building code." Also relevant here is s. 9 of the 1974 law, which restated s. 235.26, F.S., to provide expressly that the state uniform building code for public educational facilities construction shall have the force and effect of law and shall supersede any other building code for the construction of educational facilities, "whether at the local, county, or state level, and whether adopted by administrative regulation or legislative enactment." Section 9 also made this significant addition to s. 235.26: All special acts or general laws of local application are hereby repealed to the extent that they conflict with this section. After July 1, 1974, pursuant to section 11(a)(21) of article III of the state constitution, there shall not be enacted any special act or general law of local application which proposes to amend, alter, or contravene any provisions of the state building code for school construction adopted under the authority of this section. (A check of the legislative journals for the 1974 Session reveals that Committee Substitute for House Bill No. 4026 [which became Ch. 74-374, Laws of Florida] was adopted by much more than the threefifths vote required by Art. III, s. 11[a][21], supra, to prohibit the Legislature from adopting in the future any special law or general law of local application on the subject matter added to the category of prohibited special laws and population acts.) Subsection (2) of s. 235.26, supra, specifically vested in each local school board the "responsibility" of insuring that all plans and facilities meet the standards of the uniform educational building code and for providing for the enforcement of the code in the areas of their jurisdiction. It provided also that Each school district is authorized to employ a chief building official or inspector and such other inspectors and personnel as may be necessary to administer and enforce the provisions of this code. School districts may also utilize local building department inspectors who are certified as provided herein to enforce this code. Inspectors shall show evidence of certification by the office [of educational facilities construction] for uniform building code inspectors. . . . (Emphasis supplied.) As indicated above, the 1974 Act apparently contemplates that local agencies may conduct safety or sanitation inspections of a "public school plant." See s. 235.06, F.S., as amended by Ch. 74- 374, supra, authorizing such inspections to be made by the Department of Education or "any other state or local agency authorized or required to conduct such inspections by either general or special law," and requiring each agency conducting the inspection to use the standards adopted by the state board of education "in lieu of, and to the exclusion of, any other inspection standards prescribed either by statute or administrative regulation." However, as noted above, the responsibility for the enforcement of the uniform educational building code for school construction is vested in "each local school board . . . in the areas of their jurisdiction." Section 235.26(2), quoted above. By specifically declaring the manner in which the enforcement of the code with respect to school construction is to be done, the Legislature has impliedly prohibited its being done in any other way. See Murphy v. Barnes,3 So. 433 (Fla. 1888); State v. Yeats, 77 So. 262 (Fla. 1917); Alsop v. Pierce, 19 So.2d 799 (Fla. 1944), and cf. Luers v. Kuykendall, 185 So. 448 (Fla. 1938). The local school board may wish to utilize the services of the local building department inspectors who have been properly certified in enforcing the state uniform educational building code with respect to construction of school facilities; but, in the absence of such employment, the local inspectors have no authority to inspect school construction to insure compliance with the uniform state educational building code.